ALBANY,
August, 1809.

Bruce
v.
Lee.

</div>

---

<div style="text-align:center">

BRUCE *against* LEE and MULLIKIN.

</div>

Where A. an insolvent debtor, petitioned for his discharge under the insolvent act, and on the day appointed for the creditors to show cause why an assignment should not be made, and the insolvent dis- charged &c. B. one of the creditors appeared, and showed cause against the discharge ; and it was then agreed between A. and B. that if the latter would withdraw all opposition to the dis- charge, &c. C. and D. should execute a bond to him conditioned to deliver to him A.'s notes, with approved indorsements, in 15 days after A's discharge, payable in instalments, which bond was accordingly executed by C. and D. and delivered to B. who, afterwards, brought an action on the bond against C. and D. And it was held, that the bond was illegal and void, as against the policy and intent of the insolvent act.

THIS was an *action of debt*, on a bond. The decla- ration was in the usual form. The defendant pleaded 1. *non est factum;* and in his 2d plea, craved

*oyer* of the condition, which was as follows, "that if the above bound *William Lee* and *Joseph Mullikin*, jointly, or either of them, their heirs, &c. shall, within fifteen days, from the day that *James Elliot*, of the city of *New-York*, may, or shall receive a discharge, by virtue of any act of insolvency, agreeable to the statute of this state, deliver to the said *Charles Bruce*, or to his heirs, or assigns, *James Elliot's* notes, with approved indorsers, for the sum of 1,231 dollars and 36 cents, one third thereof, in two months from the expiration of the said fifteen days, one third in four months, and the other third in six months, from the time aforesaid ; then the above obligation to be void," &c.

They then pleaded, that they ought not to be charged, &c. because they say, that before the date of the said bond, to wit, on the 17th *March*, 1808, the said *James Elliot*, being an insolvent debtor, within the true intent and meaning of the act of the legislature, &c. did, in conjunction with certain of his creditors, present a petition, setting forth, &c. to the recorder of the city of *New-York*, who thereupon, made an order, directing notice to be given in the gazette, for the creditors of the said *Elliot*, to show cause, before him, on the 11th *May*, 1808, why an assignment of the said insolvent's estate, should not be made, and he be discharged according to the act, &c. On the day appointed, the plaintiff, as one of the creditors, appeared before the *recorder*, and showed cause against the assignment and discharge of *Elliot*, and the plaintiff and insolvent agreed that the bond in question, should be given to the plaintiff, and that he, in consideration thereof, should withdraw his opposition to the assignment and discharge of the insolvent, and that the said bond was given in pursuance of such agreement, and for the consideration aforesaid ; and so the said bond is void, &c. wherefore, &c.

The *third* plea, was to the same effect: there was a general demurrer to the second and third pleas, and joinder.

*D. B. Ogden* and *Gardinier*, argued in support of the demurrer.

*Wells* and *Talbot*, contra.

*Per Curiam.* This cause comes before the court, on a general demurrer to the second and third pleas. The action is in debt on a bond, the condition of which is, that the defendant should, within fifteen days after the discharge of *James Elliot*, under the insolvent act, procure and deliver to the plaintiff, the said *James Elliot's* note, with approved indorsers, for the sum of 1,231 dollars and 36 cents. The pleas allege, that *Elliot* was proceeding to obtain the benefit of the insolvent act, and that on the day appointed for the hearing of the creditors, in opposition, the plaintiff, being a creditor, appeared and showed cause against the discharge ; and that, afterwards, and before *Elliot* was discharged, the defendant gave the bond in question, the consideration for which was, that the *plaintiff should withdraw his opposition to Elliot's discharge.*

The demurrer is well taken. The consideration for the bond was illegal, and against the true intent and policy of the insolvent act. It is fairly to be intended, that the opposition made by the plaintiff, would have been successful, and of course, that *Elliot* was not entitled to his discharge, either on account of fraud, or some other cause equally fatal. It was, therefore, a fraud upon the creditors, in aiding the discharge of a person not entitled to it. The opposition of the plaintiff might have lulled them to sleep, knowing, or presuming probably, that this alone, if persevered in, would defeat the insolvent. This case falls precisely within

the decision of this court, in the case of *Waite* v. *Harper*, (2 *Johns. Rep.* 386.) The consideration for the promise there was that the plaintiff would not oppose the defendant's discharge, under the insolvent act. The court said that the consideration for the promise was illegal, and founded on fraud, being made for the purpose of stifling a due scrutiny into the claim of the defendant to a discharge under the insolvent act. The present action being founded on a specialty, does not vary the case; the seal does not preclude an inquiry into the consideration, if illegal and fraudulent. The principle adopted by the court, in *Waite* v. *Harper*, is recognised in all the cases cited by the plaintiff's counsel; and it is a principle which will not be found to have been questioned by any adjudication. The bond having been given by third persons, and not by the insolvent, cannot alter the character of the transaction, according to the principle adopted by the court, in the case of *Robson* v. *Calze*, (*Doug.* 228.)

We are accordingly of opinion that the defendants are entitled to judgment.

Judgment for the defendants.