RAYMOND
v.
JOHNSON.

Although the court will recognise and protect the right of an assignee under the insolvent law of another state; yet an action brought in this state must be in the name of the insolvent.

Where a suit has been commenced by an insolvent before assignment of his estate, the suit will not abate by his discharge, but will continue in the insolvent's name, for the benefit of his assignees.

Where an action is brought in the name of an assignor, by the assignee or person beneficially interested, the defendant cannot avail himself of the plaintiff's want of interest, or that someother person than the one for whose benefit the suit is brought, is the party beneficially interested.

RAYMOND *against* JOHNSON.

THIS was an action of *assumpsit*. Plea, the general issue. It was originally commenced in the mayor's court of the city of *New-York*, in the vacation before *February* term, 1812, of that court; and was removed into this court by *habeas corpus*. The cause was tried at the *New-York* sittings, in *April*, 1814, where a verdict was taken for the plaintiff, for 411 dollars and 76 cents, subject to the opinion of the court on the following case.

On the 3d of *August*, 1807, the plaintiff made a promissory note for 487 dollars and 83 cents, at ninety days, payable to one *Lloyd*, and endorsed by *Lloyd* to one *Bruce*; but was retained by the plaintiff in his possession. A few days after, the plaintiff borrowed of the defendant the sum of 200 dollars, for which he gave the defendant his due bill, and at the same time delivered him the promissory note as collateral security, under an agreement, that on the payment of the said sum with interest, the defendant should return the said note to the plaintiff. In *October*, 1807, in the same year, *Bruce*, the second indorsor on the note, sold and delivered to the defendant, a quantity of bread, for which he promised to pay *Bruce*, who was then ignorant that the defendant held the note endorsed by him, the sum of 500 dollars in thirty days. The plaintiff having neglected to pay the defendant the money borrowed of him, and the note, which was delivered as collateral security, not having been paid, it was protested for non-payment, and notice given to the indorsors: and when, at the expiration of the thirty days, *Bruce* called on the defendant for payment of the bread sold him, the defendant tendered *Bruce*, in payment, the said note, and the balance in cash, which *Bruce*, who knew himself to be fixed as indorsor, but was unacquainted with the agreement between the plaintiff and defendant, accepted in satisfaction, and discharged the debt. In the latter part of 1811, the plaintiff took up the note, by giving *Bruce* other notes, which he had drawn, and which were endorsed by one *Childs*, which notes have been since paid. About the same time, but before the commencement of the suit in the mayor's court, and before the plaintiff's discharge as an insolvent, but after he had advertised

his intention to take the benefit of the act, in consideration that Childs had advanced money to maintain the plaintiff's family, and intended to make further advances for the plaintiff, delivered the note to *Childs*, and verbally assigned him his interest therein, and empowered him to bring an action in his name. The plaintiff, in *April*, 1811, was discharged, and his estate assigned under the insolvent act of 1811 ; and he had previously, in *January*, 1810, been discharged in the state of *New-Jersey*, and all his estate, real and personal, was there assigned in trust for the benefit of his creditors, to one *Abraham Allen.*

NEW YORK,
October,1814.

RAYMOND
v.
JOHNSON.

*Champlin*, for the plaintiff, contended, that the suit, having been commenced in the court below, before the plaintiff was discharged as an insolvent, or had assigned his estate under the act of *April*, 1811, the assignment could not affect the plaintiff's right to recover, notwithstanding the subsequent removal of the cause into this court; that the proof of the assignment by the plaintiff to *Childs*, and of the consideration of such assignment, was sufficient. That the assignment made by the plaintiff on the 8th of *January*, 1810, in *New-Jersey*, was not admissible in evidence under the general issue, without notice thereof; but the same ought to have been pleaded; that even if it were admissible as legal evidence, the demand for which this suit was brought did not pass by that assignment. He cited *Bird* v. *Caritat*. (2 *Johns. Rep.* 342.) 1 *Chitty's Plead.* 14. 3 *Term Rep.* 433. 2 *Wils.* 372.

*Henry*, contra, contended, that the plaintiff's right of action became vested and perfect in 1807, when *Bruce* paid the note to *Johnson*, for the excess of *Johnson's* demand, and immediately became a debt due to the plaintiff. That the plaintiff having, under the insolvent law of *New-Jersey*, assigned the debt to *Allen*, he alone was entitled to sue for and recover it. That it was true, that a *chose in action* must be sued for in the name of the assignee; that a suit commenced before the plaintiff's discharge, may be carried on, in his name, for the benefit of his assignees; and that this court will protect the rights of a *bona fide* assignee; but here the assignment to *Childs* was in fraud of the first assignment. It was an attempt on the part of *Childs* to gain an undue preference. It was not a

question between different classes of creditors, but whether a particular assignee should hold against every class of creditors. In the distribution of the estates of insolvents and bankrupts, equality is to be observed.

In an action of *assumpsit*, every thing may be given in evidence under the general issue, which shows that the plaintiff is not entitled to recover, except certain statute bars.*

*Buller's N.P. 152, 153. 2 Burr. 1010.*

*Childs* had no right to use the plaintiff's name. A recovery in this suit could not be pleaded in bar to another action by *Allen*, brought in the plaintiff's name, any more than a payment by the defendant to the plaintiff, after notice of the first assignment, would be good.

THOMPSON, Ch. J. delivered the opinion of the court. The question which arises in this case is, whether the present action can be carried on in the name of *Peter Raymond*, he, at present, having no interest in the claim or demand for which the suit is brought. No objection, upon the trial, appears to have been made to the admission in evidence of the discharge of the plaintiff, under the insolvent law in *New-Jersey*, in the year 1810, and the assignment of his property to *Abraham Allen*. If the present cause of action passed under that assignment, the suit, when prosecuted in this state, is properly brought in the name of the insolvent. The foreign assignee would not be allowed to prosecute him in his own name, (2 *Johns. Rep.* 344.) though the court will recognise and protect the right of the assignee. Nor can the discharge of the plaintiff under the insolvent law of this state affect the suit. It is a settled rule, in *England*, that when an action is commenced in the name of the bankrupt, before his act of bankruptcy, it does not abate, but the assignee may proceed in the name of the bankrupt. (1 *Chitty's Plead.* 14. 3 *Term Rep.* 438.) The same reason exists for applying the rule to cases arising under our insolvent law, and the suit will be continued for the benefit of the assignee.

Admitting *Childs* to have become equitably entitled to the benefit of this suit, before action commenced, it cannot defeat the action. There was no such assignment or transfer made, as to enable him to maintain a suit in his own name. It is not pretended by the defendant, that he has paid or satisfied the demand; and whoever may be entitled to the avails of the suit,

the action is properly brought and carried on in the name of the present plaintiff.

Whether the money is to be recovered for the benefit of *Childs,* or the assignee in *New-Jersey,* or the assignee here, is immaterial to the defendant. He has no concern with that question, according to the doctrine of this court in the case of *Alsop* v. *Caines.* (10 *Johns. Rep.* 400.) Judgment must accordingly be rendered for the plaintiff, upon the verdict as it stands.

Judgment for the plaintiff.