Ewing, C. J.
In the Court of Common Pleas of the-county of Salem, judgment ivas rendered for the plaintiff on a general demurrer to a declaration containing four counts. The defendant below having brought a writ of error, insists, as he did there, that the matters contained in thé declara *89 tion are insufficient to maintain the plaintiff’s action, and that therefore judgment should be here, as it ought to have been there, rendered against him. If any one of these counts be sufficient, the plaintiff in error cannot prevail, since it is a rule that if one or more of the counts be defective, the demurrer should extend to such only and not to the whole, or in other words, upon a demurrer to the whole declaration, if one count be found good, however defective the others, the demurrer must be overruled and judgment given for the plaintiff. 1 Chitty Pl. 643.
*The declaration commences thus : “ Jonathan Belton was summoned to answer Mason S. Gibbon, who sues for the use of James Brooks in a plea of trespass on the case upon promises.” The first three counts are on special undertakings. The fourth count is for money had and received, in the usual form, with these variations : “ For so much money by the said Jonathan Belton, before that time had and received to and for the use of the said Mason S-Gibbon, who sues as aforesaid; and being so indebted, he, the said Jonathan Belton, in consideration thereof after-wards, to wit: on, Ac-., at, Ac., undertook and faithfully promised the said Mason S. Gibbon, who sues as aforesaid, to pay him, the said last mentioned sum of money wdien he the said Jonathan Belton, should be thereunto afterwards requested.”
The difference from the ordinary form of the count for money had and received, is the averment that the plaintiff is suing for the use of James Brooks. The count does not allege that the money was received by the defendant to the use of Brooks; nor that the promise was made to Brooks, or to Gibbon, for the use of Brooks; but simply and at the utmost, that the money was received to the use of Gibbon, and the promise made to him, whereby the right of action became complete in him, but that he is now prosecuting the suit for the benefit of Brooks. Let us suppose, and we are bound to make every fair intendment, that a legal cause of *90 action of the nature exhibited in this count had accrued to Gibbon, and he had afterwards made an assignment of the chose in action, as he might lawfully do, to Brooks. A court of law cannot, it is true, pay such deference to this assignment as to enable Brooks, the assignee, to maintain an action in his own name. The common law forbade, and no statute has yet authorized it in such a case. Yet a court of law will, for certain purposes, notice the assignment, consider it valid, permit the assignee to commence and prosecute an action, in the name indeed of the assignor, but for his own use, and will effectually protect his interests from the interference or control of the assignor. Winch v. Heely, 1 D. and E. 619; Master v. Miller, 4 D. and E. 340; Heath v. Hall, 4 Taunt. 326; Welsh v. Mandeville, 1 Wheat. 233; Raymond v. Johnson, 11 John. 488. The doctrine was stated by Southard, J., in Carhart v. Miller, 2 South. 575, speaking of a sealed bill, not in its nature *assignable. “ The suit may always be brought in the name of the person to whom the bill is payable, but for the use and benefit of the person holding the interest in it.” If then the suit may be thus brought, there can be no incongruity or impropriety in expressing on the face of the declaration, that it is so brought and for whose use and benefit. There are indeed many valuable consequences, not necessary to be here at large considered, which may result from a fair and candid avowal of the person really interested in the suit, and for whose advantage it is prosecuted. The averment in this declaration as already shewn, is nothing more. This fourth count is legally sufficient; and without, therefore, the labor of an enquiry into the other counts, since whether sufficient, or otherwise, cannot vary the result, it appears to me there is no error in the judgment of the Court of Common Pleas upon the demurrer.
The plaintiff in error farther insists that the judgment below is erroneous, for the matters contained in a paper accompanying the return and purporting to be a bill of *91 exceptions. I do not feel myself at liberty to look into this document. A bill of exceptions taken on the argument and decision of a demurrer is a novelty in our- practice, and is unauthorized by our statute. At common law there was no bill of exceptions. It was introduced into the English ■courts by the statute of Westminster, 13 Ed. 1, of which our act is substantially a copy, Rev. Laws 293. But it was never construed to authorize a bill of exceptions in the case of a demurrer to pleadings, nor is an approved instance of the kind to be anywhere found. 3 Bl. Com. 372; 1 Bac. abr. tit. Bill of Exceptions, 325; Buller N. P. 315; 5 John. 467; 2 South. 855.
Another error assigned is, that the judgment was rendered without any writ of enquiry or assessment. According to the record, the assessment was made by the court, by whom in a case like the present, the assessment ought to be made, unless a writ of enquiry is demanded by one of the parties. Rev. Laws, 423, sec. 70. The record of the judgment is drawn as on an assessment by the court, in the manner sanctioned by our own practice, and by the approved precedents of Ticld and Archbold.
Let the judgment be affirmed.
Ford, J., and Drake, J., concurred.