#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF SULLIVAN, OCTOBER TERM,

### A. D. 1830.

---

## REUBEN FARNSWORTH *versus* LEONARD SWEET.

A had a promissory note made by B, and delivered the same to C to collect. C, having lost the note, went to B and procured a new note for the amount payable to A. A refused to accept the new note, and C, having paid to A the contents of the same note, brought a suit upon it in A's name. It was held that the action might be maintained, notwithstanding A refused to accept the note.

ASSUMPSIT upon a promissory note, made by the defendant, dated April 27, 1812, for $49,37, payable to the plaintiff, or order, on demand, with interest.

The cause was tried here upon the general issue, at October term, 1829, when the note described in the declaration was produced.

It appeared in evidence, that one Dexter Sweet, having received a note belonging to the plaintiff, against the defendant to collect, lost the same ; and having procured of the defendant this note, offered it to the plaintiff, who re-

fused to receive it, and brought a suit against the said Sweet for the lost note, and compelled him to pay the amount of it.

This suit was brought for the benefit of the said Sweet.

It further appeared, that Sweet sent the note to the defendant in the month of Oct. 1821, and that the defendant then paid one dollar which was endorsed upon the note.

The defendant introduced a writing signed by the plaintiff, as follows :—

" *April* 24, 1829. I hereby certify, that I have not any knowledge of the suit, Reuben Farnsworth against Leonard Sweet, nor do I approbate a suit of that kind to be supported in my name."

The defendant then objected, that the note never having been accepted by the plaintiff, the action could not be sustained, but a verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case.

*H. Hubbard*, for the plaintiff.

*Joel Parker*, for defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The question is, whether, under the circumstances stated in the case, this suit can be maintained for the benefit of Dexter Sweet ?

It is not an uncommon thing to take a note or obligation in the name of one person, for the use of another, and in such cases courts of law recognize the interest of the real creditor. 1 D. & E. 619, *Winch* v. *Keely* ; 4 D. & E. 341.

It is no answer to an action, that the nominal plaintiff has no interest in the suit. 7 Cowen, 174, *Mauran* v. *Lamb* ; 11 Johns. 488, *Raymond* v. *Johnson* ; 9 Mass. Rep. 133, *Allen* v. *Holden*.

And where suits are in the name of merely nominal plaintiffs, courts of law will protect the interests of the real parties against all improper interference on the part of the nominal parties. 11 Johns. 49 ; 1 Johnson's Cases,

411, *Andrews* v. *Beecker* ; 3 Johns. 425, *Littlefield* v. *Story* ; 1 Camp. 392, 1 B. & P. 447 ; 8 Mass. Rep. 465, *Boylston* v. *Greene* ; 13 Mass. Rep. 304, *Jones* v. *Witter* ; 13 Johns. 353 ; 10 ditto, 198.

In the case of *The Bank of Chenango* v. *Hyde & others*, 4 Cowens, 567, Hyde, Johnson and Whitney, made a note to be discounted at the bank of Chenango, and payable to the bank. Hyde carried the note to the bank, but the bank would not discount it. Hyde then applied to one Birdsall, who advanced the money, and the note was lodged with the bank, as the agent of Birdsall, for his security. In a suit in the name of the bank upon the note for the benefit of Birdsall, it was decided, that as the note was made to raise money, it did not change the responsibility of any of the parties to it, that the money was advanced by Birdsall instead of the bank.

And in the case of *Allen & a.* v. *Ayers & a.* 3 Pick. 298, in a transaction not unlike that in the last mentioned case, the court intimate an opinion, that a suit might be maintained in the name of the payee of a note, for the benefit of a third person, although such payee had refused to receive it.

Such being the law, the question to be decided in this case admits a very ready answer.

Dexter Sweet, having lost the first note, had become responsible to the plaintiff for it, and in order to rid himself of that responsibility, he went to the defendant and procured this note, which was made at his request, and must be presumed to have been given for his benefit. The plaintiff refused to receive this note, and D. Sweet has paid the amount to the plaintiff. Now, in order to make this note available, according to what must be presumed to have been the intention of the real parties to it, Dexter Sweet must be permitted to sue in the name of Farnsworth. This he may do, and Farnsworth cannot be permitted to interfere any farther than to demand and receive an indemnity against any costs of the suit for

which he may be liable. It is no answer to the action, that Farnsworth never accepted the note, and has no interest in the suit. It is enough that the note was accepted by the person for whose benefit, and at whose request it was given, and that he is in justice entitled to recover the money of the defendant.

*Judgment on the verdict.*