WILLIAM CRANCH, CHIEF JUDGE; J. BUCKNER THURSTON, (*)
JAMES S. MORSELL AND JAMES DUNLOP, (†)
ASSOCIATE JUDGES.

---

ABRAHAM B. WALLER, USE OF JOHN F. WEBB, USE OF
TOUNLEY MUNROE AND TOUNLEY MUNROE, JR.,

*vs.*

JAMES ADAMS.

AT LAW. DECIDED MAY 2, 1845.

*Action of Debt on a Prison Bounds Bond.*

1. In an action of debt on a bond, the suit must be brought in the name of the as-ignor or obligee, and it is immaterial to the obligor who the party is that is interested, whether the assignee on record or any other person.
2. The obligee in the bond, in whose name the suit must be brought is merely a trustee or stakeholder for the person entitled.
3. Neither the title to the penalty mentioned in the bond, nor the conflicting claims of the assignee Webb, and Williams can be tried in this suit.

R. WALLACH, attorney for plaintiff.

J. HELLEN, attorney for defendant.

This is an action of debt on a prison bounds bond of Carey Seldon, in which James Adams, the defen-

---

* J. Buckner Thurston, died August 30, 1845, in the City of Washington; age, 83 years. See Appendix.
† James Dunlop, late of the Criminal Court of the District of Columbia, was appointed Associate Judge, October 5, 1845, in the place of Judge Thurston, deceased.

dant, was surety in the penalty of $350. The bond was to "Waller for the use of Webb," and recited a judgment and *Capias ad satisfaciemdum* in favor of "Walter for the use of Webb."

The defendant put in three pleas:

1st. That the said Carey Seldon did not depart from the prison bounds until released in due form of law, &c.

2d. That John F. Webb, to whom A. B. Waller had assigned the judgment for valuable consideration, bargained and sold, assigned and transferred all his interest in the said judgment to one, William H. Williams, before the *ca. sa.* was issued upon it, and that notice of the assignment to Williams was given to Seldon. That Webb afterwards and without authority from Williams and in violation of his rights, and for the purpose of defrauding Williams, of his interest in the judgment and with intent to prevent, defeat and defraud him from receiving the amount due to him by Seldon on the judgment fraudulently and illegally caused a *ca. sa.* to be issued thereon, and the said Seldon to be illegally imprisoned thereon, and by fraud and oppression procured, exacted, extorted and obtained the said prison bond while Seldon was illegally imprisoned by color of the said process.

3d. That Webb before the taking of the prison bounds bond had for valuable consideration assigned the judgment to Williams before the issuing of the *ca. sa.* by virtue, whereof, Williams became the sole owner of the judgment and only creditor of the said Seldon for the amount thereof. That Webb, after the said assignment to Williams, and after he had ceased to be the creditor of Seldon, and without the knowledge or consent of Williams, illegally caused the said *ca. sa.* to be issued, and therefore caused the said Seldon to be illegally confined in prison and thereby wrongfully and oppressively and in violation of the

provisions of the Statute, (the insolvent law) coerced, extorted, exacted and illegally obtained the said prison bounds bond to be executed by the said Seldon and this defendant, that the said Webb not being a creditor of Seldon at the time of the issuing of the *ca. sa.* and at the date of the prison bounds bond as required by the said Statute and that all the said proceedings having been illegally executed and carried on by the said Webb as aforesaid, without any authority or direction of the said Williams who was the only creditor of the said Seldon. That the said bond, therefore, is null and void and wholly inoperative and was not authorized by the said Statutes to be required and taken by the said Marshal.

To the first plea there was a general replication and issue.

To the second and third pleas there was a general demurrer.

The defendant filed a joinder in the demurrer.

The case was submitted to the court on the following briefs and notes of counsel.

The plaintiff submitted the following :

The pleas allege that the assignee of record (John F. Webb) having previously sold his interest in the debt to one, Williams, had no right to issue a *ca. sa.*, and, therefore, the prison bounds bond was a fraud upon the defendant and void.

Both the *ca. sa.* and bond recite assignment from Waller to Webb, and the pleas set up a new issue between assignee of plaintiff on the record, and a third party not of record, trying title to the chose in action.

The action being debt on bond must be brought in the name of the assignor and it is immaterial to the defendant whether the assignee on record or any other person be beneficially interested. See Raymond *vs.* Johnson, 11 Johnson, 488 ; and 10 Johnson, 397.

It is sufficient for defendant that the suit is brought in the name of the original obligee and he cannot allege either that the assignee on record has no beneficial inerestt or that another party is entitled. The obligee in the bond and in whose name the suit must be brought is merely a trustee or stakeholder for the person entitled and it is immaterial to defendant whether the assignee on record or other person be entitled to the money. The conflicting claims of Webb, assignee on record and Williams, and consequently the title to the chose in action cannot be tried in this suit.

The bond is not assignable so as to give assignee a right to sue in his own name.

Query.—Whether defendant is not estopped by his deed?

Counsel for the defendant submitted the following :

The defendant has filed two special pleas which allege that the bond was fraudulently and illegally obtained and that the bond is void. The second plea avers that Webb, prior to the opening of the *ca. sa.* against Seldon, had sold and assigned the judgment to one, William H. Williams, and that Williams notified Seldon of the assignment and that Webb after the sale and aasignment of the judgment against the consent of Williams, and without his authority and with the fraudulent intent of defeating the payment of the judgment to Williams issued or caused to be issued a *ca. sa.* against Seldon, and had him imprisoned in the county jail and that while Seldon was in duress, the prison bounds bond was extorted from Seldon and Adams and that the bond was obtained by fraud and is void.

The demurrer admits all the facts set forth in the plea to be true. The facts there show a case of fraud and duress. Can then the defendant avoid himself of the fraud as a defence in this action? The demurrer admits the averments of the plea that the bond was

extorted from Seldon and Adams, and that such will bar the action has been decided by the Supreme Court in the case of the United States *vs.* Tingy, 5 Peters, 129.

That illegality or fraud may be pleaded as a defence to an action on a bond will appear from the case of Collins *vs.* Blantern, Law Library, No. 128, Vol. 43, page 282, Smith's Selections of Leading Cases with English and American notes where the cases are mostly specified.

The only way in which a bond or deed can be avoided is by a plea averring fraud. Bruce *vs.* Lee, 4 Johnson, 310; VanValkenburgh *vs.* Rouk, 12 Johnson, 337. "Acts which of themselves (as well judicial as others) are just and lawful, if infected with fraud are in judgment of law void." Roberts on fraud, 522. A judgment may be void for fraud and the Act of 1787, Ch. 9, Sec. 6, provides for such a case. Suppose then, that a *ca. sa.* should issue on such a judgment and a prison bounds bond should be taken from the defendant would not the bond be affected by the original fraud? Would not the court in which the process was had to consumate the fraud have a right to set aside such a bond? It certainly has a right to set aside any execution for fraud, and where the body is imprisoned by means of fraud with a *ca. sa.,* the damage is done and the court not being in session to afford relief, the party is in duress and the bond being the fruit of the fraud is inflicted with it and the bond is on that account void.

In such a case, the imprisonment would be unlawful. Where an execution has been wrongfully used for an unlawful purpose, all contracts that are extorted by means thereof are null and void, 5 Wheeler, Common Law, page 1, as to the duress.

In this case the plea avers that it was used for a fraudulent purpose by Webb, and after he ceased to

have any interest in the judgment, and this the demurrer admits.

An execution is said to be "the formal method prescribed by law, whereby, the party entitled to the benefit of a judgment may obtain that benefit." Bingham on Executions, Law Library, 13 Vol., page 102. Webb then had sold and assigned this judgment before the *ca. sa.* was issued, and he was not entitled to the benefit of the judgment and the plea avers that he assigned it to defraud Williams of the judgment. He had no interest in the judgment and had no right to use the process of the court to defraud Williams of the fruits of it.

Had Seldon after notice of the sale and assignment paid the judgment to Webb, it would have been a fraud upon Williams, and he would still be liable. Suppose then, that they had contrived that such payment should have been affected by execution against his body or property, it would still be a fraud upon Williams and equally void. Will not the same result follow, when the fraud has been perpetrated by Webb alone by means of a *ca. sa.*? He had no claim upon Seldon and the very object of the bond was to make Seldon liable to Webb for what he had no interest in.

Now it is well settled that when a chose in action has been assigned by the owner he shall not be permitted fraudulently to interpose and defeat the right of the assignee. Mandeville *vs.* Welsh, 5 Wheaton, 277.

Courts will not give effect to a dismissal of a suit affected by fraud or a release. " It would be strange (says Judge Story) if parties could be allowed under its forms to defeat the whole purposes of the law." The demurrer admits the assignment, and if Webb could not release the judgment neither could he use the process of the courts to recover of Seldon the money. The fraud would be equally as great; the bond then was the fruit of his fraudulent purpose and he cannot claim it as valid.

The *ca. sa.* here was issued in fraud and was used for an unlawful purpose and is different from the case where the execution was lawfully issued and the party is lawfully imprisoned. In such a case there is neither fraud nor duress. In the case at bar there is both and the plea charges it, and the demurrer admits the facts as pleaded.

The third plea avers that under the Insolvent Acts there was no authority to take this bond. By the Common Law the sheriff had no right to take such a bond and it would have been void. The sheriff had no right by the Common Law to take even a bail bond, and where the statute authorizes him to take a bail bond he must take it as directed by the act, or it will be void and its illegality may be pleaded by the obligor. Harlstone on Bonds, 9 Law Library, 63.

The insolvent laws which authorize a prison bounds bond to be taken should be construed with equal strict. ness.

By the Act of March 3, 1803, any debtor actually confined in jail at the suit of a creditor may petition for the benefit of the act. The 15 Section, provides, that the creditor or his agent shall give security for the prison fees. The 7 Section provides, that any creditor may file allegations against the debtor. The act then requires an actual creditor and the creditor alone to be a party to such proceedings.

Was, then, Webb a creditor within the meaning of the law? The facts set forth in this plea show that Webb had been paid by Williams and had assigned to him the judgment, and that Williams notified Seldon of the purchase from Webb. He ceased, then, to be a creditor. Seldon was not Webb's debtor under these circumstances, if Seldon had have applied to be released by the benefit of the act, could Webb have pled allegations and stopped his discharge? Could he act as a creditor after he had assigned his interest to Williams? Could he then use the process of the court as a creditor and use a bond

which he had obtained by fraud from Seldon when he had no interest in the judgment? The plea avers that Webb assigned the *ca. sa.* without the authority or consent of Williams, and that it was oppressively exacted and illegally done to defraud Williams and that Webb had no right to imprison Seldon. The imprisonment then is admitted to have been illegal and the bond was extorted from Seldon for his discharge from that illegal imprisonment.

The Insolvent Acts contemplate a case of imprisonment for debt at the suit of a creditor. Here Webb was not a creditor and he had no right to exact a bond of Seldon. The bond then was oppressively extorted of Seldon under color of right and of the insolvent laws and is void on that account.

It is submitted then that Webb cannot recover on this bond and that the pleas show a valid defence.

Verdict and judgment for the plaintiff.