GORMAN W. Foss & another *vs.* WILLIAM G. NUTTING & others

An assignment without indorsement, in a state whose laws provide that " every action must be prosecuted in the name of the real party in interest," of a promissory note, payable there to order, does not bar an action upon it in this commonwealth in the name of the payee.

The affidavit of a party filing interrogatories to the opposite party under *St.* 1852, *c.* 312, § 61, is not conclusive that they are material.

ACTION OF CONTRACT upon two promissory notes made by the defendants in New York, payable to their own order, and indorsed in blank. Answer, an assignment in New York before the commencement of this action, of all the plaintiffs' right, title and interest in the notes declared upon ; and a denial of the plaintiffs' ownership.

The defendants interrogated the plaintiffs under *St.* 1852, *c.* 312, § 61, whether they had made such an assignment, but the plaintiffs did not answer. At December 1858 of the court of common pleas in Essex, the defendants moved that they be ordered to do so, or be nonsuited. But *Perkins,* J. overruled the motion, on the ground that the interrogatories were immaterial. A verdict was taken for the plaintiffs, and the defendants excepted.

*S. H. Phillips,* for the defendants. 1. By the laws of New York, all choses in action are assignable, and " every action must be prosecuted in the name of the real party in interest." 2 Rev. Sts. of N. Y. (4th ed.) pt. 3, *c.* 4, § 111. Upon the question of the right of the assignee to recover, the *lex loci contractus* must govern. The evidence was therefore material. Story Confl. §§ 565, 566, & cases cited. *O' Callaghan* v. *Thomond,* 3 Taunt. 82. *Ingraham* v. *Geyer,* 13 Mass. 147. *Field* v. *Mayor &c. of New York,* 2 Selden, 179. *Ward* v. *Morrison,* 25 Verm. 593. *Burlock* v. *Taylor,* 16 Pick. 340. *Vanbuskirk* v. *Hartford Fire Ins. Co.* 14 Conn. 141.

2. The practice act makes the affidavit of the interrogating party conclusive of the materiality of the information sought. *St.* 1852, *c.* 312, § 61.

*S. B. Ives, Jr.* for the plaintiffs.

Hoar, J. The interrogatories proposed by the defendants were only material, in case the assignment in New York of a promissory note, made and payable in that state, but not indorsed, would be a bar to an action upon it in this commonwealth in the name of the payee. By the law of New York, " every action must be prosecuted in the name of the real party in interest," with an exception not material to this inquiry ; and the defendants contend that this provision affects the contract, and not the remedy only, and so must be decided *secundum legem loci contractus.*

We do not regard this as a question of property, or of the right of the assignee to recover the amount of the note ; but merely as presenting the question in whose name an action upon the contract shall be brought in this commonwealth ; and in this we think the *lex fori* must govern.

In *O' Callaghan* v. *Thomond,* 3 Taunt. 82, it was held, that the assignee of an Irish judgment by *cognovit* might sue in England in his own name, under the provisions of the Irish statutes of 9 & 25 G. 2.

But in *Folliott* v. *Ogden,* 1 H. Bl. 123, Lord Loughborough said that " a bond could only be sued for according to the laws of England relating to bonds ; " and therefore held, that when a bond made in a foreign state, by whose laws it is assignable, is sued at law in England, the suit must be according to the laws of England, in the name of the obligee, and not of the assignee, although it be for his use, because there bonds are not assignable at law. The authority of this case was recognized by Chief Justice Parsons in *Pearsall* v. *Dwight,* 2 Mass. 90.

In *Dawes* v. *Boylston,* 9 Mass. 346, this court held that an assignment under the English bankrupt law, effectual to vest in the assignees the beneficial interest and property, " would not be allowed, with us, the operation, which such an assignment has in England, of giving to the assignees a remedy in their own names upon the debt assigned."

The same principle is stated by Chief Justice Kent in *Bird* v. *Caritat,* 2 Johns. 345, and seems to be the settled law of New York. *Raymond* v. *Johnson,* 11 Johns. 488.

The converse of the proposition, but supported by the same eason, that the *lex fori* governs the remedy, is found in decisions where it has been held that a promissory note payable to order, though made in a country where such a note is not negotiable, if sued where such notes are negotiable, may be sued by the indorsee in his own name. *Milne* v. *Graham*, 1 B. & C. 192 and 2 D. & R. 293. *Lodge* v. *Phelps*, 1 Johns. Cas. 139.

No case has been cited to support the position that a sui cannot be brought in this commonwealth in the name of the payee of a promissory note not indorsed, even if it could also be brought in the name of his assignee.

The suggestion of the defendants' counsel, that the affidavit of the party interrogating is conclusive as to the materiality of the information sought, we cannot adopt. Such an affidavit is required by the statute, as a security against frivolous or vexatious examinations of a party by his opponent; but the right to interrogate is expressly limited by the statute to " the discovery of facts and documents material to the support or defence of the suit." *St.* 1852, *c.* 312, § 61.          *Exceptions overruled*