ALBANY,
August, 1809.

Van Vechten
v.
Graves.

———◈———

## VAN VECHTEN *against* GRAVES.

THIS was an action of debt on a bond, dated the 16th *June*, 1799, conditioned, that if at any time from the date of the obligation, until the 16th *July*, 1809, the cellar wall, or two stacks of chimneys, in a house built by the defendant for the plaintiff, should settle, give way, or fall down from the place where they were then built, that then the defendant, his heirs, &c. should well and substantially rebuild the same, at his own expense, and pay the plaintiff all damages occasioned by their settling, giving way, or falling down, &c. The plaintiff, in his declaration, after setting forth the condition of the bond, averred, that the cellar wall and chimneys, did, on the 1st *January*, 1800, settle, give way, and fall down, and that the defendant, though often requested, did not rebuild the same, nor pay the damages, &c.

Where A. gave a bond to B. conditioned to rebuild the walls of a certain house, in case they gave way or fell down, in a certain time, and pay the damages; and the walls did give way within the time, and the obligee having sold the house to C. assigned the bond to him, who gave notice to A. of the failure of the walls, and requested him to rebuild &c. it was held, that the notice from the *assignee*, was sufficient. On a motion to set aside a nonsuit, the court do not take notice of objections to the sufficiency of the declaration; they properly arise on a motion in arrest of judgment.

ALBANY,
August, 1809.

Van Vechten
v.
Graves.

The defendant pleaded *non est factum ;* and traversed the breach assigned, and the request to rebuild, or pay the damages.

The cause was tried at the *Rensselaer* circuit, in *October* last before Mr. Justice *Yates.*

The plaintiff proved, that the chimneys settled and cracked, so that they took fire ; that the defendant lived within thirty rods of the house ; that the fire was a subject of public conversation in the neighbourhood, and that the defendant was frequently at the house, after the fire.

A witness testified, that about a year before, Messrs. *Comstock* and *Walworth* called on the defendant to repair the wall and chimneys, and demanded payment for the damages.

The judge was of opinion, that to entitle the plaintiff to recover, it was requisite for him to prove a notice to the defendant of the situation of the wall and chimneys, and a request to repair them according to the condition of the bond.

The plaintiff then offered to prove that *Comstock* and *Walworth* had purchased the house of him in 1800, and that he assigned the bond of the defendant to them, by an indorsement thereon, under his hand and seal, and that notice thereof was given to the defendant ; that a short time before the present action was commenced, the defendant went to the house and examined the situation of the wall and chimneys.

The judge decided that this evidence was inadmissible, and that a notice and request to the defendant from the plaintiff himself must be proved, before the plaintiff could recover.

The plaintiff was thereupon nonsuited.

A motion was made to set aside the nonsuit.

*Russel,* for the plaintiff.   No notice of the happening of an event is necessary to be given, where it is public.

and notorious, and must be within the knowledge of the party.[*]

Where the obligor is in a situation to know the happening of the event on which he is to be liable, he is bound to take notice of it, and the obligee need not give him notice. In *Peel* and others v. *Tatlock*,[†] where the defendant was bound for the fidelity of a clerk, it was held, that an action lay against the surety, for the embezzlement of the clerk, three years after the fact happened, and though no notice was given of the embezzlement to the obligor, until the action was brought by the obligee on the bond.

But admitting such notice to be requisite, before an action is commenced, we contend, that the assignees of the bond, in the present case, were competent to give the notice; for this court have decided, that they will take notice of the rights of an assignee of a *chose in action*;[‡] and this case comes within the spirit of that decision.

*Foot* and *Skinner*, contra. It is admitted, that where the obligor must, from his situation, be supposed to know the fact, no notice is necessary; but this case does not come within that rule, for there is nothing in the defendant's situation, on which to ground, necessarily, a presumption of knowledge. Where a notice is essential, and necessary to be proved, the common words in a declaration, "though often requested," &c. are not sufficient; but a notice must be specially averred. As there was no averment of notice, none could be proved at the trial. The terms of the contract show the necessity of notice; for the obligor is to rebuild, and pay the damages, arising from a defect or failure of the wall or chimneys.

ALBANY,
August, 1809.

Van Vechten
v.
Graves.

[*] *Com. Plead.* (C. 73. 75.) *Cro. Jac.* 102. 228, 229. 404. 432. [†] 1 *Bos. & Pull.* 419.

[‡] 3 *Johns. Rep.* 426.

ALBANY,
August, 1809.

Van Vechten
v.
Graves.

It is true, that the rights of assignees are to be protected. But here the right of action against the defendant, had accrued prior to the assignment, and when the plaintiff alone could give notice.

*Per Curiam.* Whether the declaration, in this cause, contains a sufficient averment of notice of a breach of the condition of the bond, or whether such an averment was at all necessary, are questions which cannot arise on the present motion.

The defendant has seen fit to traverse such notice, and issue is thereupon taken; the question, which arose on the trial, related to the sufficiency of the proof to maintain such issue; and the only point, now before the court, is, whether it was competent for the assignees of the bond, to give notice of the breach, and request a performance of the condition. The assignees were the proper persons to give such notice; they alone were beneficially interested in the covenant. It was proved that the defendants had notice of the assignment. It has been repeatedly decided, and well settled, both in our own, and in the *English* courts, that the right of an assignee of a *chose in action*, will be recognised, and protected. (3 *Johns. Rep.* 462.) If notice of the breach in this case was necessary, the assignor, might have refused to give such notice; and if the assignees could not, the covenant would, thereby, become nugatory. The defendant's counsel, upon the argument, seemed to admit, that the assignees were the proper persons to give notice, but contended that the proof was inadmissible, for want of a proper averment in the declaration. This objection, however, cannot prevail: the proof was in support of one of the issues in the cause; and whether the declaration contains a sufficient averment, is a question which must arise on a motion in arrest of judgment.

We are, accordingly, of opinion, that the nonsuit must be set aside, with costs to abide the event of the suit.

Rule granted.