NEW-YORK,
May, 1821.

BRIGGS
v.
DORR.

### BRIGGS *against* DORR.

DEBT on a judgment. The defendant pleaded à release. The plaintiff replied, that before the judgment was rendered, the plaintiff, for a valuable consideration, assigned to *David Gleason* all his demands against the defendant, for the recovery of which this action was prosecuted ; and that the defendant, before the release was made, &c. had notice. The defendant rejoined, *protesting* that no assignment of the debt had been made, and alleged that *Gleason* prosecuted the suit, on which the judgment was recovered, as the agent or attorney of the plaintiff, and had no beneficial interest in it : the plaintiff surrejoined, that *Gleason* did not prosecute the demand on which the judgment was recovered, as the attorney or agent of the plaintiff, but for his own benefit, and that the beneficial interest therein belonged to *Gleason*, and not to the plaintiff, tendering an issue, in which the defendant joined.

At the trial, the defendant produced the release of the judgment, dated *March* 7, 1815, which purported to be given for the sum of 264 dollars and 64 cents, the amount of the judgment. A subscribing witness testified, that he gave *Dorr* ten dollars, as the consideration for the release, and that he heard him, before that time, say that he received notice from *Gleason* of the assignment of the joint demand against the defendant and one *Sill*, which was for making machinery at the *Hoosick* falls.

A witness for the plaintiff testified, that about the last of *December*, 1810, *Gleason* and the plaintiff were at his store, when the plaintiff told the witness that he had sold his demand against the defendant to *Gleason*, who then paid the plaintiff the balance in goods ; that a few days afterwards, the defendant told the witness, that the plaintiff had assigned his demand against him to *Gleason*, and given him notice that the demand of the plaintiff so assigned, was for work, in making machinery for the defendant at *Hoosick* falls. The witness, on his cross-examination, said, that he did not know

A *chose in action*, as a simple contract or debt, may be transferred by parol or delivery, for a valuable consideration, without a written assignment. And the Court will take notice of, and protect the rights of the assignee, against all persons having notice thereof.

A *protestation* in effect, admits the allegation protested against, in the suit in which it is made.

What is traversable in pleading, and is not traversed by the adverse party, is admitted.

NEW-YORK,
May. 1821.

BRIGGS
v.
DORR.

whether there was a written assignment or not. The plaintiff, pursuant to a notice for that purpose, was called on to produce the assignment, but did not. A verdict was found for the plaintiff, for 264 dollars and 78 cents debt, and 122 dollars and 10 cents damages.

The case was submitted to the Court, without argument.

WOODWORTH, J. delivered the opinion of the Court. The plaintiff, in his replication, alleges an assignment, and avers notice. Both were necessary to support the replication, and formed but a single point ; the defendant protests, as to the first, which is, in effect, an admission of the assignment in this cause, so that no evidence need be given in support of it. The only use of a protestation is, that in case the party making it succeeds in the point to be tried, he thereby saves to himself the liberty of disputing, in any other suit, the truth of the allegation which is protested against. (*Chitty Pl.* 590.)

The *notice* is admitted, because it was not put in issue by the rejoinder. The rule is, that whatever is traversable and not traversed, is admitted. (3 *Caines*, 164.)

But, although the rejoinder, by protesting against the assignment, which is stated to have been made for a valuable consideration, does in effect admit it, yet it is evident that the defendant intended to put it in issue, for he further states, that *Gleason* had no beneficial interest, which is substantially denying, that any transfer or assignment of the demands had been made, for valuable consideration ; and, therefore, the protestation may be considered as repugnant or inconsistent with the remaining part of the rejoinder, and may be rejected. The single point in issue, then, is, whether *Gleason* had the beneficial interest in the demands on which the judgment was recovered. On this issue, the plaintiff held the affirmative. Whether there was a written assignment does not appear. It is to be inferred from the evidence, that the transfer was by parol, which is valid without writing; a delivery of a *chose in action,* for a good and valuable consideration, is sufficient. (17 *Johns. Rep.* 284. 11 *Johns. Rep.* 538. 1 *Johns. Rep.* 580. *Roberts on Frauds,* 275.)

If the assignment was valid in law, the defendant cannot, after notice, defeat it; for Courts of law will take notice of and protect the rights of the assignee, against all persons having notice, either express or implied. (1 *Johns. Rep.* 51. 411. 3 *Johns. Rep.* 425. 12 *Johns. Rep.* 343. 5 *Johns. Rep.* 193.)

After an attentive examination of this case, I am satisfied that the plaintiff has clearly shown a beneficial interest in the judgment, which cannot be defeated by the release; and consequently, that judgment ought to be entered for the plaintiff.

Judgment for the plaintiff.