DAVID RANSOM, survivor of John Ransom, appellant *v.* GRIFFEY JONES, who sues for the use of Elisha G. Adams, appellee.

*Appeal from Schuyler.*

The possession of a note or bond, is *prima facie* evidence of the legal title to the instrument, and of a right to use the name of the person to whom it is payable.

Where there has been a transfer of a bond or instrument, without a regular assignment to authorize the assignee to institute a suit in his own name, courts will always permit the use of the name of the person to whom it is made payable, without an express power to do so. Indeed courts are bound to protect the interest of the holder, and prevent even a release of the debt after such transfer, or a discharge of the action by the person in whose name it has been commenced.

A note payable in mason work, is not assignable so as to enable the assignee to plead it as a set-off to an action against him, or to enable him to institute a suit thereon in his own name.

When an attorney commences an action in the name of another, or appears for another, the court will presume that he has authority to do so, until the contrary appear.

THIS was an action originally instituted by the appellee before Martin De Witt, a justice of the peace of Schuyler county, upon the following promissory note :

" Twelve months after date, we or either of us, promise to pay

Griffey Jones thirty-five dollars, for value received, as witness my hand and seal, April 14th, 1835.

his

DAVID ☒ RANSOM,

mark

his

JOHN ☒ RANSOM."

mark

Test, A. PARIS.

The defendants produced the following due bill as a set-off to the plaintiff's demand:

"Due Hinman and Clift or bearer, thirty-five dollars, to be paid in brick work, immediately, if demanded.

his

GRIFFITH ☒ JONES."

mark

Witness, B. HINMAN.

Directly under the due bill was a memorandum in the words and figures following, to wit:

"Demand made soon after date of note, but could get no work.
B. HINMAN."

And upon the back of said due bill was the following:

"We assign the within to D. and J. Ransom or bearer.
HINMAN & CLIFT."

The justice rendered a judgment for the plaintiff, for $35 and costs, from which the defendants appealed to the Circuit Court, where the cause was tried at the June term, 1836, before the Hon. Richard M. Young, and the judgment of the justice affirmed with costs. The defendants appealed to this Court.

W. A. HINMAN, for the appellant.

W. A. MINSHALL, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

This was an action commenced before a justice of the peace, on a promissory note payable to Jones, and taken by appeal to the Circuit Court, and from the Circuit Court to this Court. The appellants objected to the form of the action, and offered a note as a set-off in the Court below. The grounds of error assumed by the appellants, are: 1st. That the suit could not be instituted by the holder of the note in the name of the payee for his use. 2d. That the note which is payable to another person in labor, and assigned to the appellants, ought to have been allowed as a set-off.

Much irrelevant evidence is embodied in the case, to which it is unnecessary to advert. The two points named, are considered

Ransom *v.* Jones.

as embracing the whole case, and on the proper determination thereof, the cause must turn.

In regard to the first point, a long and undisturbed series of adjudications have settled the mode so familiarly in use, of instituting the suit in the name of the payee of the note, or obligee in the bond, by the holder, and declaring it to be for his use, for the purposes of recovery and control of the action and judgment had thereon.

The possession of the note or bond is *prima facie* evidence of the legal title to the instrument, and of a right to use the name of the person to whom it is payable. It is admitted that warrants of attorney were most usually required to be given to authorize the commencement of a suit by an attorney, or to enter an appearance for a party. Where an attorney commences an action in the name of another, or appears for another, the Court will presume that he has authority to do so, until the contrary is shown; and if such suit be instituted, or appearance entered, without legal authority, the remedy is by motion to the court founded on evidence, to show the abuse (in acting without such authority) of the process of the Court, or irregular act of the attorney in entering such appearance. Where there has been a transfer of a bond or instrument, without a regular assignment to authorize the assignee to institute a suit in his own name, courts will always permit the use of the name of the person to whom it is made payable, without an express power so to do. The party having the legal right to the debt, should have the necessary power to use the form necessary to recover the debt.(1) Indeed courts are bound to protect the interest of the holder, and prevent even a release of the debt after such transfer, or a discharge of the action by the person in whose name it has been commenced. The decision of the Circuit Court was correct on this point.

As to the second, there cannot be a doubt that the note could not be a set-off in the present action. The promise is "*to pay thirty-five dollars to Hinman & Clift, or bearer, in mason work.*" The statute makes only such notes assignable, as promise to pay money or articles of personal property, or any sum of money in personal property, or acknowledge any sum of money to be due to any other person.(2) The note offered as a

(1) By § 1 of the act of March 2, 1839, it is provided, "That suits instituted in the name of one, for the use of another, shall not abate by the death of the person whose name is used as plaintiff, but shall be prosecuted to judgment and execution as though the person for whose use they may have been instituted was plaintiff; and persons for whose use suits are prosecuted shall be considered as parties to the proceedings so far as to authorize judgments against them for costs, and to make them liable for all fees of officers, as though their names were used as plaintiff, and so far as to allow them to prosecute appeals, writs of certiorari and writs of error, and to execute the necessary bonds for these purposes. Acts of 1838-9, 271.

(2) R. L. 482; Gale's Stat. 255.

Y*

Ransom v. Jones.

set-off though assigned to the appellants, was not assignable under the statute, so as to authorize an action to be commenced thereon in their names; and if they could not do this, they could not set it off in the present action.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* Deeds or obligations containing mutual covenants, are not assignable. Beezley v. Jones, *Ante* 34.

A note for the payment of a certain sum of money "which may be discharged in pork," is assignable. Thompson v. Armstrong, Breese 23.

Courts of law will take notice of, and protect, the rights of assignees against all persons having either express or implied notice of the trust or assignment of *choses in action.* Johnson v. Bloodgood, 1 Johns. C. 51; Wardell v. Eden, 2 Johns. C. 121; Van Vechten v. Graves, 4 Johns. 403; Littlefield v. Storey, 3 Johns. 425; Anderson v. Van Alen, 12 Johns. 343; Briggs v. Dorr, 19 Johns. 95; Henry v. Milham, Greene 266; Jones v. Witter, 13 Mass. 304; Perkins v. Parker, 1 Mass. 117; Day v. Whitney, 1 Pick. 504.

The assignor of a *chose in action*, cannot defeat a suit brought in his name by his assignee, by a release to the defendant who has notice of the assignment. And to a release pleaded, the plaintiff may reply the assignment, and that the defendant had notice of it. Andrews v. Beecker, 1 Johns. C. 411; Raymond v. Squire, 11 Johns. 47.

So to a plea of payment. Littlefield v. Storey, 3 Johns. 425.

Where the assignor of a judgment enters up satisfaction on the record, after notice to the defendant of the assignment, the Court, on motion, will order the entry of satisfaction to be vacated. Wardell v. Eden, 2 Johns. C. 121, 258.

Where an assignee recovers judgment in the name of his assignor, and takes out a *ca. sa.*, giving the sheriff notice of his equitable interest; and the sheriff, having arrested the defendant, suffers him to escape, the assignee may maintain an action against the sheriff, in the name of the assignor, which the sheriff cannot defeat, by taking a release from the nominal plaintiff. Martin v. Hawks, 15 Johns. 405.

The assignment of a *chose in action* need not be by writing *under seal*; a delivery of it, for a valuable consideration, is sufficient. Prescott v. Hull, 17 Johns. 284; Briggs v. Door, 19 Johns. 95.

The assignee of a *chose in action*, who takes it as collateral security for a debt, has a power coupled with an interest, and will be protected as an assignee against the release of his assignor, made after notice of the assignment to the debtor.

To constitute such an assignee of a *chose in action* as courts of law will protect against the acts of his assignor, the assignment need not be absolute, or of the whole subject matter. It is enough that it carry to the assignee a power coupled with an interest. Wheeler v. Wheeler, 9 Cowen 34.

A bond, executed by the plaintiff, and assigned to the defendant by the obligee, before the commencement of the action, may be set-off. Tuttle v. Bebee, 8 Johns. 152; Raymond v. Squire, 11 Johns. 48; (See Wake v. Tinkler, 16 East. 36.)

In an action brought by an assignee of a *chose in action*, in the name of the original creditor, the Court will look to the person who is beneficially interested; and the defendant may set-off a debt due from him, as well as if the suit had been commenced in his name. Corser v. Craig, 1 Wash. C. C. R. 424.

A nominal plaintiff, suing for the benefit of his assignee, cannot, by a dismissal of the suit, under a collusive agreement with the defendant, create a valid bar against any subsequent suit for the same cause of action. Welch v. Mandeville, 1 Wheat. 233; 3 Peters' Cond. R. 554.

Where a *chose in action* is assigned by the owner, he cannot interfere to defeat the rights of the assignee in the prosecution of a suit brought to enforce those rights.

It is immaterial, in this respect, whether the assignment be good at law, or in equity only. Mandeville v. Welch, 5 Wheat. 277; 4 Peters' Cond. R. 642.

Courts of law, as well as courts of equity, will take notice of the assignment of *choses in action*, and to every substantial purpose, will protect the assignee. The beneficial interest of the assignee is so far regarded, that the defendant may set-

off a debt due the assignee, in like manner, as if the suit had been brought in his own name.

If it be necessary, in an action brought upon an assigned *chose in action,* that the interest of the person for whose benefit the suit is brought, should appear in the pleadings, it is sufficient if it appear in any part of the pleadings. Corser *v.* Craig, 1 Wash. C. C. R. 424.

The nominal plaintiff may dismiss a suit brought in his name, by a creditor who has not an assignment of the cause of action. Welsh *v.* Mandeville, 7 Cranch, 152; 2 Peters' Cond. R. 452.

The death of an assignor does not defeat the assignment, but the assignee may use the name of the executor or administrator of the assignor, to recover the money. Dawes *v.* Boylston, 9 Mass. 337; Cutts *v.* Perkins, 12 Mass. 206.