ScatÉs, Justice, delivered the following separate opinion: I concur in the reversal of the judgment, but not in the doctrine laid down in relation to non-suits. In Graham’s Practice 311, and Paine &Duer’s Practice 539-42, the doctrine on this subject is laid down and the authorities collated. It is stated to be the English-rule that it is optional with the plaintiff whether he will submit to a non-suit or not. But ['*'450] the matter was not directly in issue in the ease of Watkins v. Towers et al. 2 Term R. 275. The motion was made on ,a rule to show cause why a non-suit should not be entered, after verdict for the plaintiff, and upon the ground that the plaintiff had not complied with his undertaking to produce material eyidence in a county to which the venue was changed, and for misdirection of the court. The court was of opinion that he had given the material evidence, and that the directions of the judge were right, and in overruling this motion, Grose, J., remarked that they could not order the non-suit without the plaintiff’s consent. Paine & Duer’s Pract. 39, note 31; Graham’s Pract. 311; 1 Barn. & Aid. 252: 1 Arch. Pract. 212; 1 Peters 471, 497; 9 Price 291; 13 Price 222; which are vouched for this position. But the courts of blew York have laid down a different doctrine. If, in the opinion of ihe court, the testimony offered does not support the action, ithasa right to non-suit the plaintiff. 12 Jolim;. 299; 13 Johns. 335; 1 Wend. 376. And if the court refused to do so on the defendants’ motion, in a proper case, it is error, and a bill of exceptions will lie. 19 Johns. 154; 1 Co wen 345. And the only ground at the trial is that the proof is not sufficient to support the declaration. 2 Wend. 158; 4 Johns. 403. So far, however, only as to defects appearing in the declaration, which can be taken advantage of in arrest, by writ of error, etc. For if the plaintiff prove all he alleges, he cannot be non-suited, because he has not stated a sufficient case. It is stated that if tlie counsel in opening do not state such a ease as ■would, when made out in evidence, entitle him to recover, the court will order a non-suit. 2 Dunlap’s Pract. 652; 1 Paine & Duer’s Pract. 540. The rule laid down in relation to the evidence is this: If the evidence would not authorize a jury to find a verdict for the plaintiff, or the court would set it aside, if so found, as contrary to evidence, in such cases it is the duty of the court to non-suit the plaintiff; but courts ought to be extremely cautious in interfering with the province of the jury. 1 Wend. 379; 1 Paine & Duer’s Pract. 540. If the court improperly non-suit the plaintiff the non-suit will be set aside and a new trial granted. ,13 Johns. 334. If there be a defect of proof as to one count, but sufficient as to another, and upon a motion by the defendant for a non-suit, the plaintiff neglect to call the attention of the court to that fact, the chancellor seemed to think it would be a waiver of his right to object to the non-suit; but if the non-suit was ordered by the court, without motion, the plaintiff may reverse it for error. 2 Wend. 164; Graham’s Pract. 312. In the case of The People, ex rel. Stafford et al. v. The Mayor's Court of Albany, the facts were that after the cause was submitted to the jury the court took a recess, and afterwards received the verdict for the defendant in the absence of the parties, and without their express consent to do so. The court [* 451] held that nothing less than express consent could have warranted receiving it in the absence of the parties. One reason for their being present was, that the plaintiff might, if he wished, submit to a non-suit, which he had a right to do, and of which, by this proceeding, he was deprived. 1 Wend, 36. It is too late after the jury have retired from the bar, by our statute. Gale’s Stat. 533, § 18. The advantage of suffering a non-suit is, that the plaintiff may bring another action; and which I understand to be the same when ordered by the court. .See 1 Paine & Duer’s Pract. 541 ; Bing, on Judgts. 23, 28; Boote’s Suit at Law 158; 2 Tidd’s Pract. 917; 2 Dunlap’s Pract. 652-3; 14 Johns. 340, there cited. For it is said that it is only in cases where a verdict can be given, that the court can order a non-suit; therefore where, upon calling the cause, the jury were sworn, and neither counsel, attorneys, parties, nor witnesses appeared, it was holden that the'only way was to discharge the jury, for the plaintiff could not be non-suited, as no one except the defendant had a right to have the plaintiff called. 2 Strange 262, 1117: Graham’s Pract. 311; Paine & Duer’s Pract. 542. Yet it is said he may be non-suited in an undefended cause. 3 Taunt. 81; 4 Barn & Ald. 413; 1 Man. & Ryl. 261, a; Graham’s Pract. 312. From these authorities, the practice of the courts in cases of insufficient proof, and the good sense and convenience of the rule, I am disposed to believe that a court may, on motion of the defendant, instruct the jury to find as in case of a non-suit, which is in effect an involuntary non-suit, ordered by the court, on the defendant’s application; and in such case the verdict so found, under the direction of the court, concludes nothing between the parties; and a non-suit so ordered will not preclude the plaintiff from bringing another action, when better prepared, for the same cause of action. If the court can non-suit the plaintiff, after the jury are sworn, I should think it could instruct them to return such a verdict, as well as to discharge them without verdict; and if the instruction may be given, it must in effect be the same as ordering it without verdict;; otherwise the court should not interfere as to the facts. Judgment reversed.