Mr. Justice Walkeh delivered the opinion of the Court. The issue in this case was evidently formed under a misapprehension by the defendants of the legal effect of the parol agreement and transfer of the judgment purchased by them of the plaintiffs ; and which they aver was the sole consideration upon which the bond in suit was executed. It was not necessary to the validity of the sale, or their use and enjoyment of their purchase (as defendants seem to have supposed) that the contract should have been evidenced by writing to enable them to take and control the judgment or collect and receive the money. Their interest was precisely the same under the verbal agreement that it would have been under a written transfer. The statute of assignments does not extend to judgments. So that the defendants could only, in any event, have acquired an equitable interest in the judgment, with a right to control its collection, to use the name of the plaintiffs for that purpose and to receive the money when collected. All this they acquired by their purchase. This point was expressly decided at the present term of this court in the case of Huldah Clark vs. William & M. Moss, and is, sustained by the supreme court’of New York in the cases of Briggs vs. Dorr, 19 John. 95. Ford vs. Stewart, id. 344. 17 id. 284. 11 id. 532. 1 id. 580. Had the defendants averred that the judgment was void, had been collected before the transfer to them, or other cause of like legal effect, a very different issue might have been formed. This however they did not do, but, on the contrary, they affirmatively show that they acquired all the interest in the judgment which the plaintiffs possessed, or were capable of transferring by any other mode, without the slightest pretext that the judgment is not valid, may not be collected, or that the plaintiffs have in any manner prevented them from doing so. This plea therefore, so far from showing a failure of consideration, affirmatively shows a good and valid consideration, and is evidently no bar to the plaintiffs’ recovery. This being the case it is unnecessary to consider the points of law raised upon the admissibility of evidence under it. There is moreover a fatal variance between the contract set forth in the plea and the evidence offered in support of it, which, aside from all other objections, would have been fatal to a recovery by defendants on that issue. The contract for the purchase of the judgment is alleged to have been made with both the defendants; the proof is that the judgment was purchased by one of them. Special contracts, whether declared upon by the plaintiff, or set forth by plea as a defence, must be truly described, and a material variance in the description between the allegation and proof is fatal. 1 Chitty Pl. 305, 307. It was error to proceed to trial upon the issues formed on pai't of the pleas, without having first disposed of the issue of law raised by demurrer to the second plea. The verdict of the jury should have been set aside and a new trial awarded, the issue of law upon the demurrer disposed of with leave to the defendant to plead over if he desired to do so. Let the judgment of the circuit court be reversed and the case remanded to be proceeded in according to law.