Per Curiam.

That personal contracts just in themselves and lawful in the place where they are made, are to be fully enforced according to the law of that place, and the intent of the parties, is a principle which ought to be universally received and supported. Butthip admission of the lex loci can have reference only to the nature and construction of the contract and its legal effect, and not to the mode of enforcing it; for every country must and will have modes of redress and judicial proceedings peculiar to its own jurisprudence, and is entitled to administer justice under the solémnity of its own forms. (2 Ersk. Inst. 473, 474, 475.. 1 Bro. P. C. 41. 1 Black. Rep. 237, 238, 258. 7 Term, 243. l Bos. & Pull. 142. 1 Emerigon, 122. Huberus, lib. 1 tit. 31. Harg. Co. Litt. lib. 2, n. 44.)(a)
*169 It is not material, therefore, to decide whether the law of Connecticut, where the contract was made, or the law of New York, where it was to be paid and performed, as has been contended, ought to govern. There can be no good reason why the plaintiff in either case, should not be permitted in our own courts to avail himself of a remedy prescribed by our laws, and sue directly in his own name, instead of being compelled to use the name of the original payee.' If the defendant had any defence entitled to be made here, as being authorized by the law of Connecticut, and the contract were to be governed by that law, he *would [*141] still be permitted to make it, and would be heard in one form of action as well as the other. ■ There is, therefore, no reason to turn the plaintiff round to another suit. Thie precedent would lead to innovation, and to the introduction of a practice wholly unknown in our courts, and hot approved by our law.
It follows that it is unnecessary to determine whether, under the general issue, the defendant could avail himself of a defence arising from the law of Connecticut. His objection to the-plaintiff ’s recovery is founded on the mode of redress only, and not on the merits of a just defence.
Judgment for the plaintiff.

 Add Smith w Smith, 2 Johns. R. 235. Ruggles v. Keeler, 3 id. 263. Thomson v. Ketcham, 4 id. 285, 8 id. 188. Scoville v. Canfield, 14 id. 238. Van Rough v. Van Arsdale, 3 Caines’ R. 154, Whittemore, v. Adams, 2 Cowen, 626. Pearsall v. Dwight, 2 Mass. R. 84, Warder v, Arell, 2 Wash. C. C. R. 282, and cases cited in Van Reimsdyk v. Kane,. 1 Gallis. R. 371. That thp remedy upon a contract must be pursued according to the lex fori, *169 and not the lex loci co ntractUs, in addition to the foregoing authorities, see Dixon’s Ex. v. Rumsay’s Ex., 3 Cranch, 324. Nash v. Tapper, 1 Caines’ R. 402. Smith v. Spinola, 2 Johns. R. 198. Bird v. Carital, id. 342. Sicard v. Whale, 11 id. 194. Titus v. Hobert, 5 Mason, 378.