Littlefield *against* Storey.

THIS was an action of *debt*. The declaration contained two counts, on two obligations for 100 dollars each. The defendant pleaded *non est factum*, and that, on the 1st day of *August*, 1806, he paid to the plaintiff, the money due on the obligations. The plaintiff replied, that before the commencement of the present suit, and before the said 1st day of *August*, 1806, he sold and assigned over the said obligations to one *Z. R. Shepherd*, to have and receive the money due thereon to his own use, and did authorise him, in the name of him, the plaintiff, to demand and receive the same to the use and benefit of him, the said *Shepherd*, of which the defendant had notice ; and the plaintiff averred, that this action was commenced for the sole use and benefit of the said *Shepherd*, for the purpose of enabling him to collect and receive the money due on the obligations.

To this replication there was a general demurrer and joinder.

The court will take notice of and protect the right of an assignee of a *chose in action.* The party demurring, must make up the paper books, and bring on the cause.

ALBANY,
August, 1808.

Littlefield
v.
Storey.

A preliminary question was raised by the counsel, as to the right of the plaintiff to make up and deliver the paper books, and to bring on the cause : and *the Court* said, that it had been formerly decided,(*a*) that the plaintiff was entitled to prepare the paper books, and bring on the cause ; but that for some time past a different practice had prevailed, and the party demurring was allowed to make up the books and bring on the cause to argument.

*Weston*, in support of the demurrer.

*Z. R. Shepherd*, contra, was stopped by the court.

*Per Curiam.* This is a clear case. It has been decided, that this court will recognise and protect the rights of an assignee of a *chose in action.*

In the case of *Andrews* v. *Beecker*,* it was held, that a release by the obligee of a bond, after an assignment, and notice, was a nullity.†

\* Decided in *July*, 1800, and recognised in the case of *Wardell* v. *Eden*, 1 *Johns.* 532. *in note.*
† See also *Legh* v. *Legh*, 1 *Bos.* & *Pull.* 447.

Judgment for the plaintiff.

(*a*) *April Term*, 1800. But it seems more consistent to allow the party demurring, to bring on the cause ; and there is no danger of delay, since, by the rules of the court, the opposite party may also give notice of bringing on the cause, and may have judgment by default, in the same manner as if it were a *case* after a verdict, if the party demurring does not deliver the paper books, and move to bring on the cause, pursuant to his notice.