Spencer, J.,
delivered the opinion of the court. (After stating the pleadings.)
The plea caunot be sustained. Were we to give full effect to the statute, and consider it as attaching on the debt assigned, we could not say that the assignment extinguished, or even in *342 validated, the original judgment. The act pleaded contains nothing which, in any way, impairs the force and effect of the debt or chose in action assigned; the penalty inflicted operates merely on the person offending against the act, by buying; it could not be the intention of the legislature to annihilate the debt assigned. This is rendered very manifest, when it is noticed tha^t the effect of its being proved or admitted that the buying the chose in action was in contravention of the act, is, that the plaintiff shall be nonsuited; this not being a bar to another suit, the parties, even in Connecticut, might disaffirm the contract of sale, and then- a new suit might be maintained for the debt before assigned.
But there is a greater difficulty still; although we notice the lex loci, in construing and giving effect to the contract between the parties, we must administer justice to them, according to our laws, and the forms prescribed by our legislature, or the usages of our courts of justice. This principle was distinctly recognised and adopted in the case of Lodge v. Phelps, (1 Johns. Cas. 139.) and in Ruggles v. Keeler. (3 Johns. Rep. 263.) That part of the statute of Connecticut set forth in the plea, which, under certain circumstances, authorizes their courts to nonsuit the plaintiff, if it shall appear that the chose in action has been bought contrary to its provisions, was not addressed to the courts of other states; and had it been so, it would have been nugatory and unavailing.
There is another decisive answer, as regards the act pleaded. The plea admits the validity of the judgment declared on, and we are called on by the defendant not to apply the lex loci in the construction of the contract; but we are required to give effect to a law which inflicts a penalty for acquiring a right to a chose in action. The defendant cannot take advantage of, nor expect this court to enforce, the criminal laws of another state. The penal acts of one state can have no operation in another state. Penal laws are strictly local, and affect nothing more than they can reach. (1 H. Bl. 135. Foliot v. Ogden, Cowp. 343.)
Judgment for the plaintiff.