Colcock, J.
delivered the opinion of the Court.
in this case I think there can be no doubt, whether we consider it on principle, or in reference to authority. A Court of law can know no other persons as parties, than those whose rights are made to appear by the record, made .up according to the established rules of pleading. I do not controvert the position, that the Court will protect the rights of a bona fide as-signee, when they can do so consistently with its rules ; .but that a man should be suffered to pop up in Court, just as a suit is about to be tried, or the case decided on a point of law, and claim a right in that suit, is at war with all the rules of pleading, and the constant universal and invariable practice of the Courts of common law. Here the plaintiff agrees to discontinue; and a Mr. Love, a stranger to the Court, whose name does not appear on the record, interposes, and says that he is owner of the note. The Court, it is contended, is to be stopped, and an issue is to be made up between the plaintiff and Mr. Love, to try the right to this note, the subject of the action. If this can be done, why not, as soon as the verdict is given in favour of Mr. Love, suffer Mr. Hatred, or any other person, to come in and make up an issue with him ? Suppose the fact to be as it is alleged, that the plaintiff is acting improperly; are all the rules of the Court to be violated, in order to do justice to Mr. Love? Why has he placed himself in such a predicament ? If without fault,, he is not without remedy in a Court of Equity.
This matter was well considered, and determined, in the case of Bauerman v. Radenius, 7 T. R. 659. There-the question *110 was, whether the declarations of the plaintiff could be given in evidence in favour of the defendant; and it was contended that they could not, because the plaintiff was a mere agent, acting for others, for whose benefit the suit was brought. Lord Ken- „ . . , . ... yon, alter pointing out the inconveniences which must necessarily arise from this blending of the Equity jurisdiction with that of the Courts of Law, and shewing that in a Court of Equity all the rights of the parties may be considered; says, “ By these means the ends of justice are attained, without making any of the stubborn rules of law stoop to what is supposed to be the substantial justice of each particular case ; and it is wiser so to act than to leave it to the Judgesof the law to relax from those certain and established rules by which they are sworn to decide. If the question that has been made in this case had arisen before. Sir Matthew Hale, - or Lord Holt, or Lord Hardwicke, I believe it never would have occurred to them, sitting in a Court of Law, that they could have gone out of the record and considered third persons as parties to the cause.” And in this view of the subject all the Judges concurred.-
Depending on the same principle, we have a case from Chester, of John Peay, administrator, v. William Walker, in which a Mr. Davis claimed to be the owner of a note, and offered to discontinue the action ; but the presiding Judge very properly refused to order the discontinuance. The plaintiff, who was the administrator, had found the note among the intestate’s papers, and knowing nothing of the alleged transfer, brought the suit; certain facts relative to the transfer were admitted, but it was not proven that the note, which the intestate was to have received for the note in suit, had been delivered to him. And this goes to shew the great impropriety of admitting such claims to be made. Suppose the claim in this caso to be a just one, yet it must be obvious, that in such cases, a great deal of injustice might be done by suffering such a proceeding.
I have said that the Court will protect the rights of an innocent assignee, when his claims can be spread on the record: as in the case of Craib and wife v. D’Aeth, referred to in a note to Bauerman v. Radenius, 7 T. R. 666; and the case of Raymond v. Squire, 11 Johns. 47; and in many other cases of similar character. The Court say, in the last mentioned case, that they “ have gone so far as to recognize the rights and interest of *111 the assignee of a chose in action, and to protect him against the fraud of the original contracting parties,,where the right and the fraud have hath appeared on the record.” In the case of Andrews v. Beecker, 1 Johns. Cases, 411, the defendant pleaded -a release to a bond, and the replication stated, that the bond was assigned to a third person, for whose benefit the suit was brought, before the execution of the release ; and the replication was held good upon demurrer. The same decision was made in the case of Littlefield v. Storey, 3 Johns. 425.
Act of 1798, ,i,jR Acts of p. 20.
But with us there is - no necessity for even that mode of protection, though I- do not object to it, for we have an act of the legislature, which permits the assignee of a non-negotiable paper to maintain an action on it in his own name, styling himself assignee. Now, if men will not avail themselves of these fácil-ities which are afforded to them by our statutory provisions, I cannot conceive that it is proper to violate all the established rules of pleading, to meet a case which has been the result of sheer negligence. The law is made for the vigilant, not for those who sleep over their rights.
Motion refused.