## CAMERON *vs.* LITTLE & a.

Where negotiable notes against the defendant were sold and delivered to an individual, but were not indorsed, and suit on the notes was brought in the name of the payee—*Held,* that notice of the assignment, by the officer serving the process, made agreeably to instructions on the back of the writ, would be sufficient evidence to the payee, of such assignment.

Where notice was so given, and execution was recovered against the promiser, and he subsequently took the poor debtors' oath on the same, but gave no notice to the assignee—*Held,* that the discharge was invalid.

DEBT. The defendant, Little, was arrested upon an execution, and gave a bond, with sureties, conditioned that Little should surrender himself within the time specified in the statute, or take the poor debtor's oath, if the execution should not be otherwise discharged.

It appeared in evidence that in the summer of 1838, the plaintiff, having certain negotiable promissory notes signed

by the 'defendant, Little, delivered them, without indorsing, to one John Silver, to indemnify him for having signed for the plaintiff a note to one Perry, for a sum exceeding the amount of the notes delivered, which note to Perry was afterwards paid by Silver.

Soon after Silver received the notes he commenced a suit thereon, and the following instructions to the officer were placed on the back of the writ by the plaintiff's attorney :

" Mr. Officer : attach sufficient property to respond debt and costs, if possible ; if not, hold to bail, by order of plaintiff ; and also inform the defendant that the within described note is the property of John Silver."

The officer who served the writ testified that the plaintiff's attorney inclosed it in a line to him, and wrote, requesting him to say to the defendants in the suit that John Silver, of Newport, was the plaintiff in the action, although the suit was brought in the name of James Cameron. The officer farther testified, that at the time of serving the writ he told the defendant, Little, that the interest in the suit was wholly in John Silver, and that James Cameron had nothing to do with it.

Judgment was recovered on the notes, and the defendant, Little, was arrested, and gave the bond now in suit. On the 7th day of December, 1839, the poor debtor's oath was administered to him by two justices of the peace for the county of Hillsborough.

Notice of the application to take the oath was duly served upon Cameron, but no notice was given to Silver.

It was agreed that judgment should be rendered for the plaintiff for the sum of $85.49, or for the defendant, as the court should order.

*Forsaith & Metcalf,* for the plaintiff.

*Freeman,* for the defendant.

Cameron v. Little.

UPHAM, J.   There is no principle better settled than that the law will protect an assignee's equitable interest in a *chose in action* where the assignment is *bona fide* and for a valuable consideration against all persons having notice of the trust or assignment.   12 *Johns.* 343, *Anderson* vs. *Van Allen;* 19 *Johns.* 95, *Briggs* vs. *Dorr;* 3 *Johns.* 425, *Littlefield* vs. *Story;* 1 *Greenl.* 266, *Henry* vs. *Milham;* 13 *Mass.* 304, *Perkins* vs. *Parker;* 8 *Mass.* 446, *Boylston* vs. *Greene.*

In such case, the *chose in action* is not assigned so that the assignee may maintain a suit in his own name, but the assignee has an equitable right, enforceable at law in the name of the assignor.   Thus, a book account for goods sold; an unliquidated balance of accounts; a contingent debt; a decree in chancery; a judgment and execution recovered at law, or the interest in a bond after forfeiture, may be assigned, so as to vest an equitable interest in the assignee, which the law will protect.   4 *Mass.* 511, *Dix* vs. *Cobb;* 3 *Day* 364, *Woodbridge* vs. *Perkins;* 10 *Mass.* 316, *Crocker* vs. *Whitney;* 1 *Brock.* 552, *Coates* vs. *Muse;* 15 *Mass.* 481, *Dunn* vs. *Snell;* 4 *Pick.* 1, *Ensign* vs. *Kellogg.*

The delivery of a note, bill, or execution, with intent to transfer the debt, on a fair bargain upon a valuable consideration, is a sufficient assignment of the note, bill, or judgment. 13 *Mass.* 304, *Jones* vs. *Witter;* 5 *Greenl.* 282, *Titcomb* vs. *Thomas;* 2 *Greenl.* 147, *Clark* vs. *Rogers.*   In such case, the assignment cannot be defeated by the assignor, or by any collusion betwixt him and the debtor.   The assignor cannot discontinue any action brought in his name, where the interest in the claim has been assigned; nor can the debtor, after notice to him of the assignment, liquidate, discharge, or release the demand by any agreement with the assignor; or, if after notice he is summoned as trustee, so disclose as to defeat the interest of the assignee.   He is bound to disclose his knowledge of the assignment, and cause the proper evidence of the same, if necessary, to be affixed to his disclosure, in order to protect himself.   13 *Mass.* 307, *Jones* vs. *Witter;*

15 *Mass.* 485, *Dunn* vs. *Snell;* 6 *Pick.* 316, *Eastman* vs. *Wright;* 4 *Greenl.* 384, *Snell* vs. *Green;* 2 *Greenl.* 143, *Clark* vs. *Rogers;* 3 *Johns.* 425, *Littlefield* vs. *Story;* 9 *Cowen* 34, *Wheeler* vs. *Wheeler;* 1 *Wheat.* 236, *Welsh* vs. *Mandeville.*

Where the assignor of a judgment entered up satisfaction upon the record, after notice had been given to the defendant of the assignment, the court ordered the entry of satisfaction to be vacated. 2 *Johns. Ca.* 261, *Wardell* vs. *Eden;* and where a judgment was assigned, with the knowledge of the sheriff, to whom the execution was delivered, and the debtor escaped, on arrest it was holden that the sheriff could not defeat an action for escape on such arrest, by taking a release from the nominal plaintiff. 15 *Johns.* 405, *Martin* vs. *Hawkes.*

While the court are thus liberal in permitting assignments, and in protecting the equitable interests of the assignee, they should adopt an equally liberal rule as to the mode of notice of such assignments.

Any evidence of an assignment which would be ordinarily sufficient to show a transfer of property,—as, from a witness present at the same ; or, notice by the assignee, of the assignment, with the exhibition of the instrument or claim assigned, will constitute notice of an assignment.

It is even holden that special notice is unnecessary, and that it is enough if the party has such knowledge of facts and circumstances as is sufficient to put him upon enquiry. 12 *Johns.* 343, *Anderson* vs. *Van Allen;* 14 *Serg. & Rawle,* 137. In 8 *Greenl.* 17, *Davenport* vs. *Woodbridge,* it was holden that if the assignee gives the debtor notice, without exhibiting the security or offering other evidence, it is sufficient.

In this case, the attorney having the custody of the demand, and authority to enforce its collection, instructed the officer, serving the process, both on the writ and by letter, to notify the debtor of the assignment of the demand to Sil-

Cameron v. Little.

ver, and this information was duly communicated by him to the debtor. Notice under such circumstances, by the agent of the party holding and prosecuting the claim, we regard as amply sufficient to protect the interest of the assignee.

It is contended, however, that such notice of assignment is designed merely to protect the assignee from any collusion betwixt the debtor and payee, by which the suit may be defeated, or the claim released; and that where the debtor is arrested, notice given, without such collusion, to the plaintiff on the record, of an intention to take the poor debtor's oath, is sufficient. But this construction of the obligation to the assignee is too limited. If the interest of the assignee is to be protected, it should be protected as to all measures tending to effect a discharge of the claim, whether through the operation of law on taking the poor debtor's oath, or by any other mode.

The new relation which the law creates betwixt the debtor and assignee, obliges the debtor to regard the rights of the assignee in these respects. The debtor cannot discharge himself except on notice to the creditor; and who is to be regarded as the creditor? Manifestly the person whom the law recognizes as having the legal interest in the claim. It is fraudulent to attempt to enforce a discharge where notice is necessary, without giving such notice to the party interested. If it is necessary to protect the interest of the assignee at all, it should be protected in proceedings of this nature, and the notice should be given by the debtor to the party known by him to have the true interest in the claim.

It may be said that the debtor will be subjected to doubt and inconvenience as to what course to pursue in certain cases, and might be compelled sometimes, as a matter of caution, to give a duplicate notice. It is believed, however, that but little difficulty will arise from this cause, and that cases would rarely occur in which the party would be at a loss as to what constituted a legal notice of assignment.

*Judgment for the plaintiff.*