JAMES M. WINSLOW, Plaintiff in Error, *vs.* WILKINSON & BABCOCK, Defendants in Error.

ERROR FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Defendants in Error brought their suit in the Court below, to recover from James M. Winslow the sum of three hundred and fifty dollars, a balance alleged to be due them for professional services rendered as the Attorneys and Counsel of the said Winslow.

The Complaint set forth that the account originally accrued with the firm of Wilkinson, Babcock & Brisbin, who were co-partners from December 13, 1853, until May 1, 1855, when said firm was dissolved, except so far as relates to the unfinished business which said firm had on hand at the date of its dissolution.

That said Wilkinson & Babcock had been engaged in business as co-partners since the dissolution of the old firm, and that said account had been duly assigned by the old firm to the new, of which assignment the Defendant had notice, and that they were now the lawful owners and holders of said account.

Judgment was rendered against the Defendant by default.

Points and authorities relied upon by Plaintiff in Error:

*First.* The Complaint of the Defendants in error does not show that the firm of Wilkinson, Babcock & Brisbin and the firm of Wilkinson & Babcock were both in existence at the time of the supposed assignment, so that there was one party to transfer and the other to receive. *Vide Chitty on Contracts*, 107.

*Second.* The Complaint must show the right and title of the Plaintiff in the thing sued for, and for that purpose, as that right is derived through the medium of assignment, the Complaint must show that there were competent parties in existence to make such assignment.

*Third.* But if it was admitted that the two firms existed at

the time of the assignment, still as the two firms were composed of some of the same parties, they could not make the assignment, because there would be only in effect an assignment of one to himself, and, therefore, bad because no action could be brought by one firm against the other, as it would be but an action by one against himself, which cannot be done. *Vide Niven vs. Spickerman*, 12 *Johns. R.*, 401.

*Fourth.* The Complaint does not state that the assignment is by deed or on any consideration, and, therefore, is bad because the subject matter of the assignment is a *chose in action*, and can only be assigned by deed or upon consideration, it not being susceptible of delivery. 2 *Bl. C.* 441, 442, 449, (*n.* 18,) 2 *B. and Ald.*, 551; 1 *Madd. Ch. Pr.*, 434; 2 *Kent's Com.*, 439; 2 *Johns. Rep.*, 52; *American Eqt. Digest*, 965; 2 *L. C. in Eqt.*, 2 *Pt.*, 233–4. *See, also, Gould's Pl. Ch.* 4, *Sec.* 27; 6 *East.*, 567; 8 *Ib.*, 7. The allegation that the account was duly assigned has no legal force, as the word duly has no legal effect, it but affirming matter of law instead of fact, and, therefore, not traversable. *Gould's Pl., Ch.* 4, *Sec.* 29; 9 *Co.* 250, *A.* The Complaint should have alleged that the assignment was upon consideration or by deed.

*Fifth.* No defect in substance is waived by letting judgment pass by default. 1 *Chit. Pl.* 674, (*old paging* ;) *R. S.* 337, *Sec.* 65.

*Sixth.* A writ of error lies from a judgment by default. 1 *Chit. Pl.*, 674; 9 *Wend. R.*, 149; *Organic Act M. T.*, *Sec.* 9; *R. S.* 285–6, *Sec.* 4, 5, 6; *Amend.*, *p.* 5, *Sec.* 3, *p.* 13, *Sec.* 51.

Points and authorities relied upon by Defendants in Error:

*First.* Every action under the code must be brought and prosecuted in the name of the real party in interest, except as otherwise especially provided. *Stat. Minn.*, 333, *Secs.* 27, 28, and *Willard's Eq.*, 460.

*Second.* Where the contract or *chose in action* upon which suit is brought has been assigned to the Plaintiff, the only facts necessary to be stated in the Complaint with regard to the assignment are those which show that there has been a change of interest, and that the Plaintiff is the real party in interest; and it is not necessary to state compliance with every partic-

ular requisite to render that change effectual. *Hall vs. South-mayd,* 15 *Barb.,* (*Sup. Ct. N. Y.,*) 473; *De Forest vs. Fray,* 6 *Cowen* 151, (*A. D.* 1821;) *Perkins vs. Parker,* 1 *Mass.* 117, (*A. D.* 1804; *Prescott vs. Hall,* 17 *Johns.* 285, (*A. D.* 1820;) *Bailey vs. Johnson,* 9 *Cowen,* 115, (*A. D.* 1826;) *Voorhies' Code* (1855) *p.* 97, *a. b. c.* 167, *d. e. f.; Martin vs. Karouse,* 2 *Abbott Pr. Rep.* (*N. Y.*) 330, 333, (1855;) *James vs. Chalmers,* 5 *Sandford* 52, (*N. Y.;*) *Clark vs. Downing,* 1 *Smith* (*N. Y.*) 506; *Woodbury vs. Sackrider,* 2 *Abbott Pr. Rep.* (*Jan.* 1856) 403, 405; *Littlefield vs. Stoney,* 3 *Johns.* 425.

*Third.* An assignment, by the very definition of the word, is a transfer or making over to another of one's whole entire interest, whatever that interest may be; the assignor parting with his whole entire interest, the assignee assuming his place. 1 *Pars. Cont.* 199, *n. q.;* 1 *Stephen Com.* 485; 1 *Bouviers' Dict.* 133-4.

*Fourth.* The mere delivery of the written evidence of a debt with an intent to transfer the debt itself is sufficient to prove and constitute an assignment; and any transaction which indicates the intention of parties to pass the beneficial interest in the instrument, *chose in action,* or indebtedness from one to another, is sufficient to transfer that interest. *Vol.* 2 *Leading Cases in Equity* (*How. & Wallace's notes*) *part 2d, p.* 232; 24 *Pick.* 27, 10 *Met.* 180; 5 *Greenlf* 349; 5 *Shepley,* 327; 1 *Story's Eq. Jurisp., Sec.* 353; 2 *Story's Eq. Jurisp., Sec.* 1040, 1047; *Willard's Eq.,* 460, 462; 4 *Blckfrd,* 380; 3 *Smede & Marsh,* 647; 1 *Smith* (*N. Y.*) 273.

*Fifth.* An allegation or proof of valuable consideration for an assignment is necessary to be made only when a defence is set up, which, unless the Plaintiff were a holder *bona fide,* and for value would conclude him. *Voorhies' Code* (1855) 97 *C. Burnett vs Lynne,* 2 *Abbott,* 79; *James vs. Chalmers,* 5 *Sandford,* (*N. Y.*) 52.

*Sixth.* A present indebtedness can be assigned whether the proof of that indebtedness rests in a book account, bill, note, or otherwise in parol; and no special forms or mode are prescribed by which that transfer is to be made. *Jones vs. Witter,* 13 *Mass.,* 304; 1 *Pars. Cont.,* 197 *and note e.; Chitty Cont.,* (*9th Am. Ed.,*) 628, (537) *n.; Owings vs. Owings,* 1

*Har. & Gill.*, 484; *Curtis vs. Norris*, 8 *Pick.* 280; 2 *Story Eq.*, Sec. 1046, 1040 *a. and note* 5; *Hoyt vs. Thompson, et. als.* 1 *Selden*, 347, (*A. D.* 1851.)

*Seventh.* The Complaint states facts sufficient to constitute a cause of action; and although it shows that the assignment was between firms which had some partners in common that assignment would be valid in equity as between the firms, and is valid as law at to third persons. 10 *Humph.* 412, *Burnham vs. Whittier*, 5 *N. H.*, 334; *Stat. Minn., p.* 339, Sec. 75, *Collyer Partnership*, Sec. 644; 1 *Parsons Cont.*, 139, *Z. A.* 140, 141, *a.*; 12 *Ohio*, 300; *Englis vs. Farniss*, 2 *Abbott*, 333; *Story Partnership*, Sec. 222; *Stat. Minn.*, 341, Sec. 92.

DE WITT C. COOLEY, Counsel for Plaintiff in Error.

CHARLES T. COTTON, Counsel for Defendants in Error.

[The judgment of the Court below was affirmed with costs, but no opinion is to be found on file.]