## WILLIS a. CAMERON.

*New York Common Pleas; General Term, March,* 1861.

DEFENCES.—FOREIGN USURY LAWS.

In an action on a promissory note, the defence was, that the note was made in violation of the usury laws of a foreign State. By those laws the contract was declared not to be avoided, but by way of penalty for a violation, a forfeiture of three times the excess of interest reserved, was to be allowed in an action on the contract; or if paid, to be recovered back,—*Held*, that the defendant could not, in this State, avail himself of the penalty even by way of defence.

Defence of usury.

By THE COURT.*—HILTON, J.—The second defence, although very ingeniously pleaded, must, I think, be regarded as sham. It assumes to be a defence in bar of the plaintiff's right to recover any thing upon the note in suit; whereas, by the statutes of Massachusetts, as interpreted by the courts of that State (Kendall a. Robertson, 12 *Cushing*, 156), although the rate of interest there is declared to be 6 per cent. per annum on all contracts for the payment of money, yet the taking of a greater sum does not avoid the entire contract, but merely imposes upon the person taking it, by way of penalty, a forfeiture of threefold the amount of interest unlawfully reserved, *and no more*, and which is to be allowed to the defendant in the action upon the contract when he establishes the fact of taking such unlawful rate, together with his full costs in the suit; or when the illegal interest has been paid, the party paying it may, by action, recover it back threefold. (See De Wolf a. Johnson, 10 *Wheaton*, 367, as to the effect of such a statute.)

It will not, I suppose, be contended that the defendant, if he had paid the illegal interest, could maintain an action in this State to recover the penalty thus imposed by the statutes of Massachusetts upon the party receiving it; and this being the

* Present, DALY, F. J., BRADY and HILTON, JJ.

case, I think it must follow, as a necessary consequence, that he cannot, in this State, avail himself of the statute by way of defence.

He certainly cannot take advantage of, nor expect our courts to enforce, the criminal laws of another State, it being well settled that such laws are strictly local, having no operation beyond the boundaries of the State which enacts them, and affecting nothing more than they can reach. (Folliot *a.* Ogden, 1 *H. Black.*, 135; Holman *a.* Johnson, *Cowp.*, 341; Scoville *a.* Canfield, 14 *Johns.*, 338; Andrews *a.* Herriot, 4 *Conn.*, 508, note at page 513; Van Schaick *a.* Edwards, 2 *Johns. Cas.*, 355, 363; De Wolf *a.* Johnson, 10 *Wheaton*, 367; Ludlow *a.* Van Rensselaer, 1 *Johns.*, 95.)

Order appealed from affirmed, with $10 costs.

---

* Present, DALY, F. J., BRADY and HILTON, JJ.