MARY A. GLEASON, Appellant, *v.* THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

DEMURRER — WHEN ANSWER INTERPOSING DEFENSE OF JUDGMENT IN FOREIGN STATE FOR SAME CAUSE OF ACTION NOT DEMURRABLE. Where, in an action brought in this state upon a life insurance policy, by the assignee thereof, the insurance company served a supplemental answer alleging that the insured was a resident of a foreign state at the time of his death; that his administrator, duly appointed in that state, had brought an action upon such policy in a court of general jurisdiction of the foreign state, of which action the assignee of the policy had due notice, and that in such action a judgment was rendered against the insurance company for the amount named in the policy, which judgment is still in full force and effect, a demurrer to such answer on the ground that it is insufficient in law on the face thereof cannot be sustained. Under the Constitution of the United States (U. S. Const. art. 4, § 1) and the laws passed in pursuance thereof, such judgment must have the same effect in the courts of this state as in the courts of the state in which it was rendered, and the demurrer cannot be sustained, therefore, without denying to the judgment that full faith and credit to which it is entitled.

*Gleason* v. *Northwestern M. L. Ins. Co.*, 118 App. Div. 906, affirmed.

(Argued May 22, 1907; decided June 14, 1907.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 8, 1907, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Frayer* for appellant. There is no recognized principle of law upon which the pendency of the Vermont action or judgment entered therein against the defendant can be held to be a defense to the plaintiff's cause of action or a bar to the prosecution of this action. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

*Alfred Opdyke* and *William W. Ladd* for respondent. The Vermont judgment is a bar to this action within the "full faith and credit" clause of the Federal Constitution. (U. S. Const. art. 4, § 1; U. S. R. S. § 905; *Haddock* v. *Haddock*, 201 U. S. 562; *Gray* v. *R. B. Co.*, 167 N. Y. 348; *Green* v. *Clark*, 12 N. Y. 343; *Suydam* v. *Barber*, 18 N. Y. 468; *U. & P. Bank* v. *Memphis*, 111 Fed. Rep. 501; *Greene* v. *R. F. Ins. Co.*, 84 N. Y. 572; *Renauld* v. *Abbott*, 116 U. S. 277; *Treflet* v. *E. L. Ins. Co.*, 64 N. J. L. 387; *Stacy* v. *Thrasher*, 6 How. [U. S.] 58; *McLean* v. *Meek*, 18 How. [U. S.] 18.)

O'Brien, J. The questions presented by this appeal arise upon a demurrer by the plaintiff to the defendant's supplemental answer. The ground stated in the demurrer is that the answer was insufficient in law upon the face thereof. The demurrer has been overruled in the courts below, and from such decision the plaintiff comes here. The sufficiency of the answer as a defense to the action must be determined solely upon what appears upon the face of the pleadings. The complaint states that on or about the 3d day of September, 1891, the defendant insured the life of one Harrison, who resided in the state of Vermont, and issued to him its policy,

by the terms of which it agreed to pay the sum of $2,000 upon the death of the insured to his executors, administrators or assigns, and on the 11th day of October, 1903, the insured died in Vermont, the policy being then in full force. There seems to be no question raised but that the defendant is legally bound to pay the policy; the controversy relating entirely to other matters.

The plaintiff alleges that on or about the 12th day of September, 1891, the insured duly assigned and transferred to her the policy and all rights and obligations evidenced thereby. The answer, at which the demurrer is aimed, alleges that in the month of November, 1904, the administrator of Harrison commenced an action in the courts of Vermont upon this same policy, which it seems had remained at all times in the possesion of the deceased and was found among the assets of his estate. A judgment was recovered in that action in favor of the administrator in a court of general jurisdiction. At the time of the death of the insured he was a resident of that state, and administration was ordered by the proper courts. Before the commencement of the present action, the plaintiff had notice of the pendency of the Vermont action and that it was brought by the administrator to collect the policy. The defendant being involved in two actions on the same policy, filed in the Vermont action an amended pleading, alleging as a defense that the policy and its proceeds were claimed by this plaintiff as assignee thereof, and that she had on the 23d of March, 1905, commenced an action in the courts of New York to recover thereon. All the facts stated in the amended pleading were established upon the trial of the Vermont action, which took place in October, 1905, but they were held to constitute no defense to that action and judgment was rendered in favor of the administrator against the defendant company for the amount payable on the policy. This answer avers, substantially, that under the laws of Vermont the administrator was entitled to collect the policy and hold the proceeds for such person as appeared to be entitled to receive the same.

In the view which we are disposed to take of this case, the allegations in regard to the laws of Vermont were not material or at all events will not be discussed in this opinion.    Whatever the law of that state may be, the fact still remains, and it is admitted by the demurrer, that the administrator brought an action in the courts of that state upon this policy; that the action was prosecuted to judgment in favor of the administrator and against this defendant and that judgment, so far as we are informed by the pleadings, is still in full force. The question arises as to its effect upon the present action of the plaintiff in this state.

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state; and the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." (U. S. Const. art. 4, sec. 1.) At an early day an act of Congress was passed declaring the effect of such a judgment as the one described, and, among other things, it was enacted that "the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken." So that we must treat the Vermont judgment as having the same effect in this state that is to be given to it in the state where it was rendered. This quality attaches to the judgment not by reason of the law of either state, but by virtue of the Constitution of the United States and the laws passed in pursuance thereof, which constitute the supreme law of the land.

It seems to me to be impossible to give to the judgment recovered in Vermont such faith and credit as by law or usage it is entitled to in that state and at the same time sustain the demurrer interposed by the plaintiff. Let us suppose for a moment that this action, instead of being brought by the plaintiff in this state, had been brought by her in Vermont; can it be doubted that the courts of that state would hold that the facts stated in this supplemental answer constituted a

defense thereto ?    Without discussing this proposition further, it is, I think, enough to say that the demurrer cannot be sustained without denying to the judgment described in the answer that full faith and credit to which it is entitled.    In this view of the case it is quite unnecessary to refer to the other questions argued at the bar and elaborately stated in the briefs of counsel.

The order appealed from should be affirmed, with costs, with leave to the plaintiff within twenty days to file and serve a supplemental complaint or reply, as she may be advised, on payment of costs.

Edward T. Bartlett, Haight, Vann, Hiscock and Chase, JJ., concur in result; Cullen, Ch. J., not voting.

Order affirmed.