MARY A. GLEASON, Appellant, *v.* THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

Judgment — insurance (life) — when judgment obtained by administrator of insured in another state not a bar to an action on the same policy in this state by the assignee thereof.

1. A life insurance policy issued to a resident of Vermont provided that it was a contract made and to be performed in the state of Wisconsin. The insured assigned the policy to plaintiff and gave notice to the defendant as required by its terms. The assignee was not a relative or creditor of the insured and the policy was assigned without consideration therefor. Immediately after the death of the insured the assignee became a resident of this state. Letters of administration upon the estate of the insured having been issued in Vermont, and the defendant having refused to pay, the administrator brought a suit in that state to recover the amount of the policy. That litigation resulted in a judgment against defendant in favor of the administrator, who was permitted to prove that the assignment was made in consideration of the promise of the present plaintiff to continue meretricious relations with the

assured. Thereupon defendant paid the judgment and pleaded such recovery and payment as a bar to this action which had, in the meantime, been brought in this state. When this action was brought to trial no proof was offered to show any illegal or immoral consideration for the assignment, but on the contrary it was stipulated that the assignment was a gift. The facts hereinbefore recited, including the judgments and proceedings in the Vermont action, were placed in evidence. *Held,* that the decision on demurrer herein (189 N. Y. 100) did not dispose of the issue now presented; that, while it is true that, in the Vermont suit, it was found that the assignment was invalid, the present plaintiff was not a party to that action, and that, upon the facts as they appear in this case, the Vermont judgment is not a bar to this suit.

2. The common-law rule as to the right of an assignee to sue for the enforcement of a chose in action considered, and *held,* that by the terms of the policy it was made a Wisconsin contract to be performed there; that by the law of Wisconsin the assignment of a chose in action transfers the legal title and the courts of Vermont, therefore, had no jurisdiction of the person of the plaintiff, nor was the subject-matter of the litigation in that State, and hence no adjudication there had could conclude this plaintiff's rights.

*Gleason* v. *Northwestern Mutual Life Ins. Co.,* 139 App. Div. 64, reversed.

(Argued November 28, 1911; decided December 19, 1911.)

APPEAL from a judgment, entered July 20, 1910, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Frayer* and *Harry W. Alden* for appellant. The plaintiff's assignment was, on the admitted facts, valid and effectual to transfer to her the policy and the right to recover and receive the proceeds thereof. (*St. John* v. *A. M. L. Ins. Co.,* 13 N. Y. 31; *Valton* v. *N. F. L. Assur. Co.,* 20 N. Y. 32; *Olmstead* v. *Keyes,* 85 N. Y. 593; *Carraher* v. *M. L. Ins. Co.,* 11 N. Y. S. R. 665; *Classey*

v. *M. Life Ins. Co.,* 84 Hun, 350; *Breeze* v. *M. Life Ins. Co.,* 37 App. Div. 152; *Steinbach* v. *Diepenbrock,* 158 N. Y. 24; *Harrison* v. *N. W. M. L. Ins. Co.,* 78 Vt. 473; *Fairchild* v. *N. E. M. L. Ins. Co.,* 51 Vt. 613; *Watson* v. *Watson,* 69 Vt. 243.) The plaintiff was not in fact or in law a party or privy to the suit in Vermont nor in any manner represented therein. (*Harrison* v. *N. W. M. L. Ins. Co.,* 78 Vt. 473.) The Vermont court never obtained or had jurisdiction of either the plaintiff's person or her property in this policy, and had no power to adjudicate in respect to the policy or the assignment so as to bind her by its adjudication. (*Pennoyer* v. *Neff,* 95 N. Y. 714; *Haddock* v. *Haddock,* 201 U. S. 562; *Goldey* v. *Morning News,* 156 U. S. 518; *Morgan* v. *M. B. L. Ins. Co.,* 119 App. Div. 645; *Huntley* v. *Baker,* 33 Hun, 578.) The plaintiff was under no obligation to go into the state of Vermont and defend the suit brought by the administrator against the defendant there; and the notice of suit and tender to her of the defense thereto by the defendant did not create any such obligation. (*Morgan* v. *M. B. L. Ins. Co.,* 119 App. Div. 645; 189 N. Y. 447.) The plaintiff did not take the assignment and policy subject to the right of Harrison's administrator thereafter to do anything affecting her or her property, except in some court having jurisdiction of her or the property. (*Davenport* v. *N. E. M. L. Ins. Co.,* 47 Vt. 528.) Comity does not require the courts of this state to deny to a citizen and resident of the state the right to recover therein from a defendant domiciled here the amount of a debt admitted to be due to her, merely because some third person in another state, in a suit there to which she was not a party nor represented therein, sets up a claim that the defendant owes the same money to him and not to her, and, without making, or attempting to make, her a party to his suit, succeeds in procuring in her absence a judgment of a court of that state to that effect. (*Platt* v. *Elias,* 186 N. Y. 374.)

*Alfred Opdyke* and *William W. Ladd* for respondent. The defendant has been without fault or negligence in the entire transaction. It gave notice to the plaintiff of the administrator's action and tendered her the defense thereof. (*Konitzky* v. *Meyer,* 49 N. Y. 571; *Minn. Bank* v. *Holyoke Bank,* 182 Mass. 130.) It ought to be and it is the object of courts to prevent the payment of any debt twice over. (*Harris* v. *Balk,* 198 U. S. 215; *Embree* v. *Hanna,* 5 Johns. 101; *Green* v. *Clark,* 12 N. Y. 343; *Marsden* v. *Cornell,* 62 N. Y. 215; *Thomas* v. *Coe,* 51 Hun, 481; *Sulz* v. *M. R. Assn.,* 145 N. Y. 563; *Traflet* v. *E. L. Ins. Co.,* 64 N. J. L. 387.) To permit this plaintiff to recover a second judgment upon this policy would be particularly inequitable, because (1) she was a mere donee of the policy; (2) her rights were acquired in, and while a resident of, Vermont, by the laws of which state she never had a right of action against the defendant independent of the insured's personal representative; and (3) she has a complete remedy in Vermont against the administrator. (*Harrison* v. *N. W. M. L. Ins. Co.,* 78 Vt. 473; 80 Vt. 148.)

CULLEN, Ch. J. On August 31, 1891, Oliff F. Harrison and the plaintiff resided in Rutland, Vermont. On that date the defendant, a life insurance corporation organized under the laws of Wisconsin but doing business in Vermont, issued to said Harrison a policy on his life for $2,000, payable to his "executors, administrators or assigns." The policy recited that it was delivered at its office in Milwaukee, Wisconsin. It further provided that the policy was "a contract made and to be performed in the state of Wisconsin, and shall be construed only according to the Charter of the Company and the laws of said State," and also that if it should be assigned, a duplicate of the assignment should, within thirty days, be given to the company.

On September 12th, 1891, Harrison assigned the policy

to the plaintiff by an instrument in writing executed in duplicate and delivered the policy and one of the duplicates to the plaintiff, in whose possession they have remained ever since. The other duplicate was sent to the defendant, received by it, and it thereafter carried the policy on its books as assigned to the plaintiff. Harrison paid the annual premiums up to the time of his decease on October 11th, 1903. On the following day the plaintiff removed from Vermont to the city of New York, and has ever since resided in said city. The policy and assignment have been in her possession there during this time, except that they were in the hands of her Vermont attorney for about a year, but just when this year was does not appear. Satisfactory proofs of death were delivered to and received by the defendant.

It was stipulated by the parties on the trial of this action that the plaintiff was not a relative, connected in blood with, or a creditor of said Harrison, and that the policy was assigned to her by him without consideration as a gift. Thereafter letters of administration upon the estate of Harrison having been issued in Vermont, and the defendant having refused to pay, the administrator brought a suit in that state to recover the amount of the policy. The defendant pleaded the general issue with notice of special matter. On the trial the defendant offered to prove the assignment to this plaintiff; that she was in no way related to the deceased; that the plaintiff here held the policy and the assignment, and had brought suit on the policy in the state of New York, which suit was still pending, and that the Vermont action was not brought by the administrator at her request or for her benefit, but for the next of kin of the deceased. The evidence was excluded and the plaintiff administrator had judgment. On appeal the judgment was reversed, the Supreme Court of Vermont holding (*Harrison* v. *Northwestern M. L. Ins. Co.*, 78 Vt. 473) that the insurance having been procured by the assured

on his own life was not a wager and could be made the subject of a gift although the donee had no interest in the life of the assured, citing an earlier decision of the court to that effect. (*Fairchild* v. *Northeastern M. L. Assn.*, 51 Vt. 613.) As to the right of the plaintiff in that action to recover, the court further held that while as a general rule a plaintiff who in a suit at common law has the legal interest in the subject-matter of the litigation cannot be defeated by showing an equitable ownership in a third person, the rule does not apply when the recovery in such suit will not protect the defendant against the claim of the equitable owner, and for that reason the defendant should have been allowed to prove that the action was not brought with the consent of nor for the benefit of the assignee, but in hostility to her for the benefit of the next of kin.

After the commencement of the Vermont action, the plaintiff brought this suit in the county of New York, of which she was a resident. When the administrator recovered judgment in Vermont the defendant, by a supplemental answer in this action, pleaded that judgment as a bar. The plaintiff demurred to this defense, but its sufficiency was upheld by this court. (189 N. Y. 100.) After that decision and the reversal of the Vermont judgment by the Supreme Court of that state, the plaintiff withdrew her demurrer and replied to the defense that the judgment pleaded had been reversed. Subsequently the Vermont suit was again brought to trial. The defendant there made proof of the assignment and other facts which had been excluded on the first trial. In answer thereto the Vermont plaintiff was permitted to prove that the assignment was made in consideration of the promise of the present plaintiff to continue meretricious relations with the assured. That issue was found in favor of the administrator, who again recovered a judgment which on appeal was affirmed by the Supreme Court. (80 Vt. 148.) Thereupon the defendant paid the judgment and by another supple-

mental answer pleaded such recovery and payment as a bar to this action.

Thereafter this action was brought to trial. The assignment to the plaintiff was conceded. No proof was offered to show any illegal or immoral consideration for such assignment, but on the contrary it was stipulated that the assignment was a gift. The facts hereinbefore recited, including the judgments and proceedings in the Vermont action, were placed in evidence. Thereupon the court, over defendant's objection and exception, directed a verdict for the plaintiff for the amount due on the policy. The Appellate Division, by a divided court, reversed that judgment and directed judgment dismissing the complaint on the merits, it being conceded that the facts could not be varied on another trial.

The sole question before us is whether the recovery in Vermont is a bar to this suit. Counsel for the respondent contends that the question has been determined in the affirmative by our previous decision, and one at least of the learned justices who concurred in the decision of the Appellate Division placed his concurrence solely upon that ground, his personal opinion being that the Vermont judgment was not a bar. We are of opinion that our previous decision does not dispose of the issue now presented to us. A reference to the report of that decision shows that the only opinion written was that of the late Judge O'BRIEN, but that opinion did not obtain the concurrence of any other member of the court, the determination of which was not unanimous. We must, therefore, look, not to the opinion, but to what the defendant had pleaded in the supplemental answer to see what our previous determination necessarily decided. It was there alleged that by the laws of Vermont the assignment of a life insurance policy is no bar or defense to a claim of the personal representatives of the assured after his death, but that the personal representatives hold the policy or

33

its proceeds for the benefit of the said assignee. If it now appears that these allegations are not the law of Vermont, our former decision does not control the case now before us. It was the rule at common law that an assignment of a chose in action, with certain exceptions, such as negotiable instruments, vested in the assignee only an equitable ownership, not a legal title, and that an action on the assigned claim must be brought in the name of the assignor.

In this state over sixty years ago the common-law rule was abolished, and it was required that every action should be. prosecuted in the name of the real party in interest. This change was made so long ago that none of us is familiar with the practice from personal experience, but must derive his knowledge solely from a study of the text books and decided cases. From this examination it appears that while the law courts adhered in form strictly to the theory that a chose in action was unassignable, at an early date they recognized the fact that the assignee was the real owner, and protected him against hostile action by the assignor after assignment and notice thereof given to the debtor. It seems to have been the rule everywhere, so far as we can discover, that the assignment of a chose in action gave the right to the assignee to sue for its enforcement free from any control or interference of the assignor, except that in some jurisdictions the latter was entitled to intervene to the extent of obtaining indemnity for costs in case the suit was unsuccessful. Also, the defendant could not defeat an assigned claim of which assignment he had notice by subsequent payment to or set-off against the assignor, or release from him. But the practice to effect this result seems to have differed in different jurisdictions. In England relief against such a plea could be secured only by motion to strike it out made to the court in advance of the trial. When the case was brought to trial the court would consider only the nominal parties to the record.

(*Gibson* v. *Winter*, 5 B. & Ad. 96; Chitty on Contracts [ed. of 1842], pp. 779, 780.) In this state, while the common-law rule prevailed, the practice was to file a reply to the defendant's plea of payment, set-off or release that before the matter set up in such plea the plaintiff had assigned the claim, and that the action was prosecuted for the assignee's benefit. Thus, the assignment was passed upon by the jury as one of the issues in the case, though it was unnecessary to allege it in the declaration, and the assignee was not in name a party to the suit. (*Timan* v. *Leland*, 6 Hill, 237; *Littlefield* v. *Storey*, 3 Johns. 425; *Raymond* v. *Squire*, 11 id. 47; *Andrews* v. *Beecker*, 1 Johns. Cas. 411.) This seems to have been the practice also in the Federal courts. (*Welch* v. *Mandeville*, 1 Wheat. 233.) I have not, however, been able to find any authority, nor have we been referred to any, which clearly points out the practice adopted, where the dispute was between the assignor and assignee as to the alleged existence or validity of an assignment. Such an inquiry, however, is material only to enable us to ascertain how far a defendant would be justified in satisfying an action brought against him by an assignor in his own right insisting upon the invalidity of an assignment. But the law of the state of Vermont, with which alone we are concerned, is settled by the decision made by the Supreme Court on the first appeal in the action brought in that state. It was held error to exclude the evidence offered by the defendant to show the assignment of the claim, and that the action was not prosecuted in the assignee's interest, on the very ground that the recovery in the action would not bar the assignee's claim. The provision of the Federal Constitution cannot require us to give greater effect to the Vermont judgment than would be accorded to it in the state in which it was recovered. It is true that in the Vermont suit it was found that the assignment was invalid, but to that action the present

plaintiff was not a party, and upon the facts as they appear in this case her title cannot be impeached.

Further, though the policy was taken out in the state of Vermont, it was made by the express agreement of the parties a Wisconsin contract to be performed there. While the assignment was made in Vermont, under the law as held by the Supreme Court of that state, it might be the subject of a valid gift, and under the acts appearing in this case it was a valid gift. The law of Wisconsin is the same as our own. The assignment of a chose in action transfers the legal title. The common-law rule in Vermont that suit must be brought in the name of the assignor is one of practice and not of property; of remedy, not of right. (*Lodge* v. *Phelps*, 1 Johns. Cas. 139.) When the administrator of the assured was appointed, and when the action was brought in Vermont, plaintiff was a resident of this state, and the policy evidencing the contract was in her possession here. The courts of Vermont, therefore, had no jurisdiction of the person of the plaintiff, nor was the subject-matter of the litigation in that state, and hence no adjudication there had could conclude this plaintiff's rights. But if the claim on the insurance policy was property within the state of Vermont, which we think it was not, the defendant's remedy was by bill of interpleader, in which suit jurisdiction might have been obtained over a non-resident so far as to determine title to property within the state. (*Morgan* v. *Mut. Benefit Life Ins. Co.*, 189 N. Y. 447.) If the action at law by the administrator for the benefit of the estate of his intestate would not have barred an action by the assignee in the name of the administrator, but on his own behalf, had that assignee been a resident of the state of Vermont, we do not see how its efficacy can be enhanced by the fact that the assignee was a non-resident and without the jurisdiction of the court.

The respondent relies on two cases as authorities in its behalf. In our view neither is in point. The first is in this

court.    (*Sulz* v. *Mut. Reserve Fund Life Assn.*, 145 N. Y.
563.)    There an insurance policy was issued to a man
payable on his death to his legal representatives.    He
removed from the state of New York to the state of
Washington and died a resident of that state with the
policy there in his possession.    The administrator appointed
in Washington brought suit on the policy.    Subsequently
an administrator was appointed in this state who also
sued the defendant.    The judgment recovered here was
reversed by this court, the court holding that under the
circumstances the action ought not to be entertained, the
deceased being a resident of Washington, the policy being
in that state and the first action being there instituted.
It will be seen that both of these actions were instituted in
the same right, that of the deceased for the benefit of
his estate, and the question involved was simply in which
state the claim was to be reduced to possession and be
administered.    But in the action in this state the adminis-
tratrix, who was the widow of the deceased, sought to
sustain her recovery on the ground that under the terms
of the policy she individually was entitled to the insur-
ance money.    This court examined that claim and held
that it was unfounded, thus conceding that if such
had been the case the Washington action could be no
bar.    The other is *Traflet* v. *Empire Life Ins. Co.* (64
N. J. L. 387).    The question there involved was substan-
tially the same as that in the *Sulz* case.    A New Jersey
administrator sued in that state on an insurance policy.
A New York administrator of the same estate sued on
the same policy in New York.    The principal office of the
defendant corporation was in New York and the New
York suit was first instituted.    It was held that while
both courts had jurisdiction, comity required that
precedence should be given to that which first acquired
jurisdiction.    Neither of these cases has any applica-
tion to the case of hostile claims to the same right of
action.

The judgment ·of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in both courts.

GRAY, VANN, HISCOCK, CHASE and COLLIN, JJ., concur; HAIGHT, J., dissents.

Judgment reversed, etc.